IRA C. KIMBALL, *Executor and Trustee in Equity, versus* RUTH P. CROCKER & *als.*

I. C. gave and bequeathed to trustees named $40,000, the same to be "kept safely invested for twenty-five years" after the testator's decease, "for the use and benefit of his two grandchildren named," to be paid to them at the end of said twenty-five years; the interest thereon "to be invested and added to the principal, and neither principal nor interest to be distributed till the expiration of the twenty-five years aforesaid," and the trustees to withhold its distribution even then, "if, in their opinion, it would be liable to be wasted or squandered by the improvidence of the person entitled to it, except the interest that may arise therefrom from time to time as needed." In case either of his grandsons should die without lawful issue, before the time of distribution, his share is to go to the survivor; but if both should die "without lawful issue or lineal descendants, before said fund became distributable, said fund is devised over to the testator's brothers, or their lineal descendants." The residue of his property, he devised to a trustee named in trust for the benefit of persons afternamed, subject to certain charges specified, and the "residue, should any remain, is to be distributed in the same manner and to the same persons, and at the same time as the fund called the $40,000 fund;" — *Held,* —

1. That the grandsons named take vested interests in the $40,000 fund, and also in the residue of the estate subject to the charges therein;

2. That the provision directing an accumulation of interest for twenty-five years is invalid, and the interest on the $40,000 fund falls into the residue and belongs to the trustee of such residue, for the purposes of the trust created therefor; and

3. That the interest on the residue, after discharging all trusts declared, is to be paid over annually to the guardians of said grandsons during their minority, as heirs of undevised estate.

Costs in bills of this nature.

BILL IN EQUITY, filed by Ira C. Kimball, executor and trustee, named in the last will and testament of Ira Crocker,

to determine the construction, validity and effect of the following articles in the will: —

" *Third.* — I give and bequeath the sum of forty thousand. dollars, to Samuel Small, jr., and Ira C. Kimball, and the survivor of them, in trust, upon and for the trusts, intents and purposes, and subject to the powers and provisions hereinafter mentioned and expressed of or concerning the same — that is to say — that they, the said Samuel Small, jr., and Ira C. Kimball, and the survivor of them, and such as may be appointed in their stead, shall keep the same safely invested for and during the term of twenty-five years, from and after the time of my decease, for the use and benefit of my two grandchildren, Ira Crocker and Frank Calvin Crocker, and to be paid to said Ira Crocker and Frank Calvin Crocker at the end of said twenty-five years, not subject to any charges made on said trust fund by my executor or trustees, for taxes, or any other charges, but as a fund to be kept on interest in such safe securities as they may deem most advantageous. The interest arising from said sum or fund is to be invested from time to time as received, and added to the principal of said fund, and neither the principal nor interest is to be distributed till the expiration of the twenty-five years as aforesaid. At the termination of this trust, or at the expiration of twenty-five years from and after my decease, said trust fund may be distributed to my grandchildren equally, share and share alike, or to the survivor of them if either shall die before that time without lawful issue. If either of my grandchildren should die before the same is distributed according to the provisions of this my will, leaving lawful issue or lineal descendants, then said sum shall be distributed and paid over to such issue or descendants in proportion to the share that each of my grandchildren would have had in the estate if living. The distribution of this fund, or any share of it, is to be made by my trustees, at the expiration of the term of twenty-five years, only in the event that either of my grandchildren, or their lineal descendants shall show themselves capable of

making a prudent and economical use of the same, and no part of the principal of said sum shall be distributed during the life of either of my grandchildren, if, in the opinion of my trustees, the same would be liable to be wasted or squandered by improvidence by the person entitled to it, except the interest that may arise therefrom, from time to time, as needed.

"In case both of my grandchildren, before named, should die without lawful issue or lineal descendants, and before said trust fund becomes distributable, according to the terms and conditions of this my will, then, and in such case, I give, devise and bequeath all of said sum or fund to my brothers, and the lawful lineal descendants of deceased brothers by right of representations, agreeably to the laws regulating the descent of personal estate. * * * *

"*Fourth.*—I give, devise and bequeath all the rest and residue of my property, real, personal and mixed, to Ira C. Kimball, aforesaid, in trust, upon and for the trusts and purposes and for the benefit of the persons hereafter to be named. * * * * * * * *

"In their education and support the said grandchildren are to receive, each, such sums as may be necessary therefor in the judgment of said trustee, or his successor, and, if either engage in business, or professional pursuits after he becomes twenty-one years of age, my executor and trustee is authorized and required to make such advances as he may deem expedient or necessary from said fund, and their receipt therefor shall be his discharge.

"This property, which I give to my executor and trustee in trust, is to be charged with all my debts, the payments to my wife, if necessary, the allowance to be made yearly to Mary E. Crocker, the expenses of my trustee and the administration of my estate, together with all taxes on this property, and on the trust fund of forty thousand dollars, and the residue, should any remain, is to be distributed and paid over by my executor and trustee in the same manner and to the same persons, and at the same time, as the fund

called the forty thousand dollar fund in the hands of my first named trustees."

*E. & F. Fox*, for the complainant.

APPLETON, C. J. — The complainant, the executor and trustee under the will of Ira Crocker, brings this bill to ascertain the legal construction of various clauses therein, and for the purpose of the better enabling him to discharge the trusts arising under the same. The jurisdiction of the Court is conferred by R. S., 1857, c. 77, § 8.

By the third item of his will, Ira Crocker gave to Samuel Small and Ira C. Kimball forty thousand dollars in trust, to keep the same invested for twenty-five years after his decease "*for the use and benefit*" of his two grandchildren, named, " to be paid to them" at the end of said twenty-five years. The interest to be added to the principal " and neither interest nor principal to be distributed till the expiration of the twenty-five years aforesaid." He authorizes the trustees to withhold the distribution of the fund at that time, if in their opinion the same would be liable to be wasted or squandered by the improvidence of the person entitled to it, except the interest that may arise therefrom, from time to time, as needed. In case one of his grandsons should die " *without lawful* issue," before the time of distribution, his share is to be distributed to the one surviving. In case both should die " without lawful issue or lineal descendants," before the time appointed for distribution, there is a devise over of the fund to his brothers, or their lineal descendants.

By the fourth item, he devises the residue of his estate and property to Ira C. Kimball, in trust, for the benefit of persons afternamed, subject to the support of his widow, to the support and education of his two grandsons, to advances that may be made to them after they attain the age of twenty-one years upon their entering into business, to an annuity to the widow of a deceased son, and to the payment of debts, taxes and all expenses. He then directs, " the resi-

due, should any remain, is to be distributed in the same manner and to the same persons, and at the same time, as the fund called the forty thousand dollar fund in the hands of my first named trustees."

The principal question presented for consideration is whether the bequests and devises are not in violation of that rule of law, which requires that the interests of devisees and legatees under a will should become vested within a life or lives in being, and twenty-one years after the life of the testator.

Certain rules have been established, which may aid us in determining the construction to be given to the language of the testator in the case under consideration.

When there is a gift of a legacy, or a share of a residue to be paid at or when legatee shall attain twenty-one years, or any specified age; or at the death of a particular person; or when legatee shall have served out his apprenticeship, the gift *vests* in the legatee at the death of testator, the time only applies to the payment. 6 Bac. Abr., 263; Tit. Legacy, E.

A legacy or devise should be considered as giving a vested rather than a contingent interest. "It has long been an established rule," says BEST, C. J., in *Duffield* v. *Duffield,* 1 Dow & Clark, 311, "for the guidance of the Courts of Westminster, in construing devises, that all estates are to be holden to be vested, except estates in the devise of which a condition precedent to the vesting is so clearly expressed that the Courts cannot treat them as vested without deciding in direct opposition to the terms of the will. If there be the least doubt, advantage is taken of the circumstances occasioning the doubt; and what seems to make a condition is holden to have only the effect of postponing the right of possession."

The interest is to be regarded as vested, if the time of payment be postponed beyond the time required to prevent a perpetuity, when the language of the will operates to make

an antecedent gift. *Watson* v. *Hayes*, 9 Simons, 500, n.; *Leake* v. *Robinson*, 2 Mer., 363.

By the will of Mr. Crocker, there is a present gift of the $40,000 to trustees "for the use and benefit" of his two grandsons. These words give a present and vested interest in the fund. This interest, thus vested, is not destroyed by the words "to be paid said Ira Crocker and Frank Calvin Crocker at the end of said twenty-five years." This language is only applicable to the time when the legatees are to have possession of their legacies. The declaration that "neither principal nor interest is to be distributed till after the expiration of the twenty-five years aforesaid," is only a mode of declaring when payment is to be made. It does not determine or affect their absolute right to the fund.

By the fourth item, the testator gives all the rest of the residue of his estate to Ira C. Kimball, "upon and for the trusts and for the benefit of the persons hereafter to be named." The widow is named, and her right to a support is a vested interest as well as the annuity to the widow of his deceased son. The grandsons take an interest in the advances "required" to be made to them on their attaining the age of twenty-one and engaging in business. The residue remaining is "to be distributed and *paid over* in the same manner and to the same persons and at the same time" as the fund of $40,000. The trust is for the benefit of those after-named, and the grandsons coming within these terms, take a present interest in what is by form of words designated for their benefit. This residue is so designated in the language prescribing when it should be distributed and paid over to them. By reference to the language used respecting the fund of $40,000 only, is there a devise over of the residue to his brothers or their lineal descendants, in case of the death of the grandsons without issue. By the same reference the grandsons are the first devisees of this residue, taking a present and vested interest, because devised to the trustee for *their benefit*, they being designated as the beneficiaries.

These views are in accordance with the general current of authorities. In *Bland* v. *Williams*, 3 M. & K., 411, the bequest was in several respects like the present. The testator gave to his daughter an annuity, "and from and after the decease of my said daughter upon trust to receive the said rent, dividends, and proceeds of all my estate and effects, to *pay*, apply and dispose of the same or a sufficient part thereof, for and towards the maintenance, education and bringing up of all and every the child or children of my said daughter, until they shall severally and respectively attain the ages of twenty-four years; and *when* and *as* they shall severally and respectively attain that age, then upon trust to pay, assign and transfer and convey all the residue of my estate, effects, * * equally unto and amongst all her said children *when* and *as* they shall severally and respectively attain the said age of twenty-four years."

Sir John Leach, in delivering his opinion, says, — "Whether in a gift of this nature the term of vesting is postponed, or only the term of payment, depends altogether upon the whole context of the will. If the gift over is simply upon the death under twenty-four, then the gift could not vest before that age. In this case, the gift over is not simply upon the death under twenty-four, *but upon the death under twenty-four without leaving issue.* If, upon a death under twenty-four, at whatever age issue was left, then the gift over is simply not to take place. It is in effect, therefore a *vested* interest, with an executory devise over in case of death under twenty-four without leaving issue. All the cases upon the subject, except the one before Lord Gifford, *Bull* v. *Pritchard*, 1 Russ., 213, are reconcilable with this distinction."

In *Farmer* v. *Francis*, 2 Sim. & Stu., 505, the devise was of a residue amongst children of his daughter, living at the decease of his wife and daughter, "equally amongst them * * * *when* and *as* they shall respectively attain the age of twenty-four years." "As to the personal estate," says Sir John Leach, "they plainly take absolute vested

interests; the time of division only, as in common cases, the time of payment, being postponed until they attain the ages of twenty-four years."

In the will of Mr. Crocker, there is a direction to accumulate. In *Blease* v. *Burgh*, 2 Beavan, 221, the bequest was " in trust for all and every the child or children of her son John Blease by Elizabeth, other than Frances Lidden Blease, * * to be *paid*, assigned or transferred to him, her or them, being a son or sons, *on* attaining the age of twenty-three years, and, being a .daughter or daughters, at the like age of twenty-three years, or day or days of marriage; * * * in case of death of one under that age, the share to be transferred to the survivors." She also gave £1000 to Thomas Seddon Blease, " to be paid on his attaining twenty-three years, together with all the accumulations; and, in case of his death before he should attain twenty-three years, the whole to become part of the residue." Lord LANGDALE, in delivering his opinion, says :— " But it does not appear to me that a gift in terms which import a present *vested* interest, with a postponed time of payment, is made contingent by a direction to accumulate, till the time of payment arrives; and I think a gift over which is too remote and void, as in the case here, cannot defeat. the vested interests previously given; and, on consideration of these and other parts of the will, it appears to me that the gift of the residue vested in the children of John who were entitled to take."

In *Snow* v. *Poulden*, 1 Keene, 186, the testator directed the residue of the property to be invested in land, and given to S. " who was not to be of age to receive his until he attained his twenty-fifth year." It was held that S. took a vested estate tail in the land. " The devisee is entitled," remarks Lord LANGDALE, " according to all the authorities, to a vested estate tail, subject to be divested if the contingency should not take effect." By the civil law, which is adopted in courts of equity, " when a legacy is given absolutely," remarks Sir JAMES WIGRAM, in *Leeming* v. *Sherratt*, 2 Hare, 14, " and the payment is postponed to a future definite pe-

riod, the Court considers the time as annexed to the payment and not to the gift of the legacy, and treats the legacy as *debitum in presenti solvendum in futuro.*" The same general principles as to the vesting of an estate are affirmed in *Dolley* v. *Ward*, 9 Ad. & Ell., 502.

There are limitations over in the will of Crocker. When a devise is to A *at* twenty, or *when* he attains the age of twenty-one, the devise standing alone would be contingent. But when such devises are accompanied with a limitation over that in case A dies under twenty-one without leaving issue living at his decease, then over, the last limitation is explanatory of the sense in which the testator used the preceding words, and as showing the event upon which the real estate was to go over to the ulterior devisee. "The contingency in such case is held not to constitute a condition precedent, making the vesting to depend upon the devisee's attaining the specified age, but the estate is held to vest *instanter*, subject to be divested upon the happening of the contingency." 1 Roper on Legacies, 571; *Doe* v. *Newell*, 1 M. & Sel., 327; *Phipps* v. *Akers*, 4 Man. & Gr., 1107; *Patterson* v. *Ellis*, 11 Wend., 259.

The authorities in this country are in accordance with the English decisions to which we have referred. In *Furness* v. *Fox*, a legacy to one "if he shall arrive at the age of twenty-one years then to be paid over to him by my executor," is not a contingent but a vested legacy. So in *Patterson* v. *Ellis*, 11 Wend., 259, when the gift of a legacy is absolute, and the time of payment only is postponed, the time not being of the substance of the gift was held to postpone the payment, but not the vesting of the legacy. This principle is affirmed in *Blanchard* v. *Blanchard*, 1 Allen, 223; *Brown* v. *Brown*, 44 N. H., 281.

The cases which may be cited as apparently adverse to these views will be found to be distinguished by the want of any words importing a present gift, upon which distinction the opinions are based,—as in *Newman* v. *Newman*, 10

Sim., 51; *Vawdry* v. *Geddes*, 1 Russ. & Mylne, 203, and others.

The whole will must be taken together. The subsequent clause in the third item of the will, delaying the distribution in case of the improvidence of the legatees, does not prevent the legacies from vesting. In *Nares' Ex'rs* v. *Van Shaick*, 20 Wend., 565, the testator gave to each of his grandchildren who should be living at the time of his death the sum of $6000, to be paid upon their attaining the age of twenty-one or marrying, such payments however to be subject to the approbation of the parents of the grandchildren, and the time of payment fixed by them; — it was held the legacies were vested and not contingent and that the power given to the parents did not prevent the vesting of the legacies. "If the testator had stopped after directing the legacies to be paid upon their attaining respectively the age of twenty-one years or marrying, the legacies," observes Mr. Justice BRONSON, "would clearly have vested. The clause which follows, requiring the approbation of the parents, cannot alter the case. It only provides for a further postponement of the time of payment. The gift is still absolute. The parents of any legatee have no other power over his legacy than that of fixing a proper and discreet time for its payment. A discretionary power of this kind will not prevent the vesting of a legacy. *Churchill* v. *Speak*, 1 Vern., 251." A restriction similar in character was sustained by this Court in *Morton* v. *Southgate*, 28 Maine, 41.

When the accumulation is for a gross number of years, the rule against perpetuities prohibits more than twenty-one years. Whenever lives in being do not form part of the time of suspension or postponement, the only period under the rule against perpetuities is twenty-one years absolute. "The law forbids perpetuities," observes Mr. Ch. Justice LEWIS, in *Philadelphia* v. *Girard's heirs*, 45 Penn., 29. If the period exceeds twenty-one years, though there is no preceding limitation for life, it is equally void."

The trust for accumulation is void. No transgressive trust was ever sustained for any part of the common law period. We have no such statute as that of 39 and 40 Geo. 3, c. 98, commonly termed the Thelusson Act. Under that, the excess of accumulation beyond the period allowed by its provisions have been held void, and those within its limitations sustained. But such is not the common law.

The annual receipts from the forty thousand dollar fund, not being allowed to be retained by the trustees, for the purpose of accumulation, fall into the residue as they accrue. *Leake* v. *Robinson*, 2 Mer., 389.

A void trust, for the accumulation of income, does not invalidate a bequest. A will may be void in part and valid as to the residue. In the present case the direction to accumulate is void. The will is not defeated so far as relates to the trusts arising under the will, or as to the legacy to the grandchildren. *Williams* v. *Williams*, 4 Selden, 539; *Hawley* v. *James*, 5 Paige, 318; *Gooding* v. *Reed*, 31 E. L. & Eq., 109. The rule as to wills is that, where a testator's intentions cannot operate to its full extent, it shall take effect as far as possible.

But the residue is to have its accumulations, which could no more be allowed than in the other fund specially set apart for that purpose. The amounts annually received from the residue thus created are undisposed of by the will, and are to be paid to the guardian of the grandsons during their minority, and, after that, to the grandsons in their own right.

The trust fund, after the expiration of the term limited for its payment, " may be distributed to my grandchildren equally, and share alike, or to the survivor of them, if either shall die before that time *without lawful issue*." It is settled, by the great preponderance of judicial authority, that the words *dying without lawful issue*, signify, as applied to personal estate, issue living at the death of the first taker, and that the gift over is good. *Campbell* v. *Harding*, 2 K. & M., 390; Lewis on Perpetuities, 337.

Kimball *v.* Crocker.

The executor was in the discharge of his duty in filing this bill to obtain a judicial construction of the various clauses in the will, to which we have referred. The reasonable costs, attendant upon its prosecution, are a proper charge upon the estate. *King* v. *Strong*, 9 Paige, 94.

There are other and more remote limitations. But no occasion is perceived for their present discussion or consideration.

According to the true construction of the will of Ira Crocker, it is therefore declared that, —

1. The grandsons of Ira Crocker take vested interests in the $40,000 fund.

2. That they take vested interests in the residue of his estate, subject to the charges upon the same.

3. That the provision directing an accumulation of interest for twenty-five years is invalid, and cannot be sustained.

4. That the interest on the $40,000 fund falls into the residue, and belongs to the trustee of such residue, for the purposes of the trust created in the fourth item of the will.

5. That the interest on the residue, after discharging all trusts as declared in the will, is to be paid over annually to the guardians of the testator's grandsons, during their minority, as heirs of undevised estate.

It is ordered and decreed that the costs of these proceedings are a charge upon the estate of said Crocker.

KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.