JOHN R. WILSON, TRUSTEE UNDER THE WILL OF SAMUEL
W. ODELL v. LELIA D. ODELL ET AL.

*Wills—Accumulations—Costs.*

1. A will provided annuities for the testator's children, all of whom were under twelve years old at the time of his death, and it set aside certain real estate to be held "for the purpose of aiding in carrying out this trust." Otherwise it gave the executors a general power of sale. It also gave a residue to the children's children, after the death of all the children and on the majority of the youngest grandchildren, con tinuing the annuity of any deceased child to the children of such child until the division. *Held*, that as the reservation of the specified land and of the accumulations therefrom are void for any period beyond the minority of the youngest child (How. Stat. §§ 5553–4), the land goes to the heirs, by intestacy, subject only to the accumulations so far as needed to pay the children's annuities, the rest, like the land, going to the heirs-at-law and not to the grandchildren.

2. Costs of a necessary proceeding to obtain the construction of a will, are chargeable on the estate.

Appeal from Muskegon. (Russell, J.) Nov. 11.—Nov. 19.

BILL to construe will. Defendants appeal. Reversed.

*Smith, Nims, Hoyt & Erwin* for complainant.

*Delano & Bunker* and *John Tait* for defendants, claimed that the provision suspending alienation was void (*Coster v. Lorillard* 14 Wend. 265), and also the reservation of land to trustees for annuities : *Hawley v. James* 16 Wend. 62.

CAMPBELL, J. Complainant filed his bill to obtain a construction of the will of Samuel W. Odell deceased, making the widow and minor heirs parties. The controversy arises upon the effect of certain clauses of the will extending its operation beyond four lives in being and during the minority of all possible grandchildren, none of whom are now in existence.

The will, which was made May 6, 1882, contains several clauses, which were as follows : Testator gave to his wife Lelia D. Odell, and complainant, as trustees in trust for the purposes named, all his realty and personalty, " with full power to said trustees to sell my real estate, *except as otherwise provided*, at such times and in such parcels as they shall deem advisable, and out of said property pay" as subsequently stated,—*first*, funeral expenses and a monument for testator and his parents; *second*, an annuity of $1500 in quarterly payments to his widow in lieu of dower, and for all her services under the will; *third*, annuities for support, clothing and schooling of his three children, of $600 each while under fourteen and $1000 beyond that age, payable quarterly for them until of age, and to them personally thereafter. This third clause contains at its close this provision : " And for the purpose of aiding in carrying out this part of the trust, lots 11, 14, 15, 16 and 17 in subdivision of block 7 ; lot 6, block 65 ; S. W. ½ lot 5, lots 6, 7 and 8, block 68, all in the city of Muskegon ; lot 18 of A. S. Williams' subdivision of Park Lots 8 and 9 of Detroit, and the S. E. fr. ¼ of

section 19, T. 4, R. 2 W., and all in the State of Michigan, are to be held as part of my estate."

The *fourth* clause gives two pecuniary legacies to a nephew and niece. The *fifth* gives the residue to his children's children after the death of all his children and on the majority of his youngest grandchild, continuing the annuity of any deceased child to the children of such child until the division.

Mrs. Odell renounced her rights under the will, and all action under it, leaving complainant sole trustee.

No question is raised about the validity of the trusts whatever we may think of their wisdom so far as the personalty, or realty which may be liable to sale, is concerned. The period of restraint extends no further than the continuance of lives in being and the minority of their children.

The portion of the third clause which retains the land described and exempts it from sale, is admitted to be invalid as continuing control beyond lives in being. But parties differ as to the extent of the invalidity and its effect on the rest of the will. Ths circuit court held that the clause might be regarded in the same way as if not inserted, so as to leave all the property liable to sale. Defendants claim it creates an intestacy, complete or modified.

The facts do not show the value or rental condition of the various lands owned by the testator. They only show that his estate consists, in the opinion of one witness (no others being sworn), of $103,950, of which $85,775 is realty and $18,175 personalty. The lands mentioned in the third provision are estimated at $31,500. The income of all the estate is $10,000, and of the property in the third provision $2250 clear.

The children's income, in aid of which this land is entirely devoted, will not, at present rates of rental, absorb it until all of them are over fourteen years old. Anna was eleven when the bill was filed in January, 1885, and the boys were three and five years old respectively. Assuming, what is not probable, that the property will not increase in value, their annuities, if paid entirely out of this land, will for the present leave an

unexpended balance of $450 a year. But this land is not the only property from which they are to be paid, and is only given in aid of the other property, but not to be devoted to any of the other purposes of the trust. At present rates, and considering the trusts as all operative, there would be a general accumulation from the whole estate of over $5000 a year, not counting re-investments.

We think there is a decided objection to treating the condition in the third clause of the will as one which may be stricken out so as to leave this land to fall within the general power of sale. The property so to be disposed of is open to any and all of the purposes of the trust, including the provision for funeral expenses, monuments, and specific legacies as well as annuities. While not probable, it is legally possible, that if so liable, this specified land may become necessary for these purposes from losses or depreciation of the rest. But the third clause of the will devotes this land solely to the raising of the children's annuities, or as the will says "for the purpose of aiding in carrying out this part of the trust." It is not given for the general purposes.

It is then a provision for using the land for the purpose of raising these annuities, and any accumulations, as well as the land itself, must be regarded as intended to fall into the residuary bequests, and not to be used for other purposes.

This seems to bring it within How. Stat. §§ 5553 and 5554, which will not allow accumulations to be made beyond the minority of persons in being, but which do not make provisions broader than this void except for the excess. The statute in such case makes the direction void as to the time beyond such minority, but not otherwise.

The effect of this would be to leave this trust valid for the purpose of accumulating rents and profits, until terminated by the minority of the children, and in *Toms v. Williams* 41 Mich. 552, it was intimated that this covered the period until the youngest should become of age. But as no other provision covers this land, and the provisions for the grandchildren, so far as real estate is concerned, are illegal, this land must be regarded as going to the heirs by intest-

acy, subject only to these accumulations so far as they become necessary to pay the children's annuities. Any balance not so needed belongs, with the land, to the heirs-at-law, and not to the grandchildren.

The decree below must be reversed, and a new decree entered in accordance with these principles. The costs are a proper charge against the estate, as the bill was properly filed to avoid difficulty.

The other Justices concurred.