DAVID A. WILSON, ADMINISTRATOR, C. T. A., *vs.*
CHARLOTTE D'ATRO ET AL.

First Judicial District, Hartford, January Term, 1929.
* WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 9th—decided March 2d, 1929.

* WHEELER, C. J., did not sit, but received the briefs.

*Robert J. Travis,* for the plaintiff.

*Cornelius A. Moylan,* with whom, on the brief, were *Frank Covello* and *Francis A. Pallotti,* for the defendants Josephine D'Atro Alfano *et al.*

*Henry J. Calnen,* for the defendants Charlotte D'Atro *et al.*

MALTBIE, J.   While the intent of the testator is very poorly expressed in the third paragraph of the will, it

can be discerned without great difficulty. He does not
name the two sons who are to be the recipients of his
bounty, but that he meant the two other than Frank
D'Atro is evident. In the fifth paragraph he makes it
entirely clear that he did not intend Frank to share in
the general distribution of his estate, and the gift over
in the sixth paragraph of "all my property," should
the other two sons, whom he names, die without issue,
clearly implies that they are the ones to whom in the
first instance that property is given. Subject to the
provision for accumulation until 1950, he gives the
income of the property to these two sons, "or either of
them that may be alive," for life; that is, so long as
both live, they are to share equally in the income, and
upon the death of either before the other, that other
is to have the income so long as he lives. At the death
of the survivor of the two sons, the estate vests in such
children as they may have, if any, "share and share
alike." If these sons should both die before 1950,
the testator's intent was that the income should never-
theless still accumulate until that date. At that date,
if both sons should then be dead, or at the death of the
last survivor thereafter occurring, any of the children
who had arrived at the age of twenty-five years would
become entitled to his proper share in the principal.
As to any child not twenty-five years old when he be-
comes entitled to the enjoyment of his share of the
principal, it was to be held in trust until he did arrive
at that age; only such sums were to be paid to him as
might be necessary for his maintenance and educa-
tion; as such payments are not restricted to income,
they might be made either from principal or income;
and on his arrival at the age of twenty-five years, each
child would receive any remaining part of the principal
of his share and the income from it not theretofore
paid to him.

The will is not so insensible as to be void for uncertainty. Nor are any of the gifts invalid under the rule against perpetuities. The gift to the children of the sons, if any survive them, as well as the substitutionary gift in paragraph six to nieces and nephews, should no such children survive, must vest at latest at the death of that one of the two sons who lives longest, which is well within the period allowed by the rule against perpetuities. *Bates* v. *Spooner,* 75 Conn. 501, 506, 54 Atl. 305; *Colonial Trust Co.* v. *Brown,* 105 Conn. 261, 272, 135 Atl. 555.

As the testator died in November, 1926, his direction for the accumulation of the income until 1950 was for a period of something over twenty-three years. The length of time set by him was not measured by any life or lives; if both the sons died before 1950, nevertheless the accumulation was to continue; if they or either of them lived beyond that date, it was then to cease. This situation makes applicable the rule we affirmed in *Hoadley* v. *Beardsley,* 89 Conn. 270, 279, 93 Atl. 535: "The second proposition involves an appeal to the well-established common-law principle, impliedly recognized by us in *Woodruff* v. *Marsh,* 63 Conn. 125, 137, 26 Atl. 846, and in *Connecticut Trust & Safe Deposit Co.* v. *Hollister,* 74 Conn. 228, 232, 50 Atl. 750, that trusts for accumulation must be strictly confined within the limits of the rule against perpetuities, and that, if such a trust exceeds those limits, it is void. . . . As applicable to cases where the period during which there is no vesting is measured in no part by a life, its maximum is twenty-one years." "Whenever," says the Supreme Court of Maine, "lives in being do not form part of the time of suspension or postponement, the only period under the rule against perpetuities is twenty-one years absolute." *Kimball* v. *Crocker,* 53 Me. 263, 272. " 'The rule is that where the

testator fails to avail himself of lives in being, and adopts a term of years, without reference to any life in being, the term cannot extend beyond twenty-one years from his death.' " *Barton* v. *Thaw*, 246 Pa. St. 348, 355, 92 Atl. 312. It is true that there is a considerable body of precedent holding that where a gift of accumulated income is made to one having a vested indefeasible right to the possession of the principal or accumulations, such a provision for accumulation, being void, may be terminated by him, so that there is no occasion for the application of the rule we are considering. Gray on Perpetuities (3d Ed.) § 672. The basis upon which those decisions rest is that it is against public policy to give property to one, and at the same time restrain him from the full use and enjoyment of it; Gray on Perpetuities (3d Ed.) § 120; but we have declined to recognize such a principle so long as the restraint is not for an unreasonable length of time. *DeLadson* v. *Crawford*, 93 Conn. 402, 106 Atl. 326. We have no occasion in the present case, however, to consider how far the rule stated in Gray would be applicable here in view of that decision, because, so long as either of the sons lives, there is no one having such a right to the immediate use and enjoyment of the principal or accumulations as to be in a position to end the period set for the accumulation; *Lewis Oyster Co.* v. *West*, 93 Conn. 518, 532, 107 Atl. 138; and as they or one of them may live beyond 1950, there is that possibility of a violation of the rule against accumulation which makes the provision invalid. *Tingier* v. *Chamberlin*, 71 Conn. 466, 469, 42 Atl. 718; Gray on Perpetuities (3d Ed.) § 214. The provision for accumulation of income until 1950 is therefore void.

We are thus brought to a consideration of the question as to the effect of the invalidity of this provision. In so far as it can be done without doing violence to

the intent of the testator, the remaining provisions of the will should be sustained. *Tarrant* v. *Backus,* 63 Conn. 277, 285, 28 Atl. 46; *Bates* v. *Spooner,* 75 Conn. 501, 508, 54 Atl. 305; *Eaton* v. *Eaton,* 88 Conn. 269, 276, 91 Atl. 191; *Shepard* v. *Union & New Haven Trust Co.,* 106 Conn. 627, 636, 138 Atl. 809. Where a provision for an accumulation is void, courts will endeavor to sustain the substantive gift to which it is attached. *Phelps' Exr.* v. *Pond,* 23 N. Y. 69, 82; *Philadelphia* v. *Girard's Heirs,* 45 Pa. St. 1, 27. The testator clearly intended the principal of the trust to go, at the death of the survivor of the two sons, either to their children, if any, or to his nephews and nieces, and there is no reason why this intent of the testator should not be sustained. He also desired that, beginning in 1950, the two sons should receive the income from his property and while, because the provision for an accumulation is void, the property may not be augmented that way, still the sons or the survivor of them are entitled to receive the income of the principal sum after 1950 until that survivor shall die. This leaves the question of the disposition of the income of the property until 1950 or until the death of the survivor of the sons, if it occur before that date, and as the void provision for accumulation is a part of the residuary gift, this income must be regarded as intestate estate and be paid to the testator's heirs at law. *Cochrane* v. *Schell,* 140 N. Y. 516, 537, 35 N.E. 971; *Kimball* v. *Crocker,* 53 Me. 263, 273.

In so far as the unborn children of the testator's sons other than Frank are concerned, the conclusions we have reached are as favorable to them as they could possibly claim; and, while the construction of that paragraph which designates the two sons other than Frank as the recipients of the testator's bounty has the effect of excluding his unborn children from participa-

tion under it, the identity of their interests with that of their father as regards this issue and the full argument presented in his behalf justify us in proceeding in the case without the appointment of any person to represent them. *Russell* v. *Hartley,* 83 Conn. 654, 664, 78 Atl. 320; *McArthur* v. *Scott,* 113 U. S. 340, 401, 5 Sup. Ct. 652.

We answer the questions propounded to us as follows: To questions one and four, we answer no. To question two, we answer that the provision in paragraph three of the will for the accumulation of income until 1950 violates the rule against accumulation. To question three, we answer that the decedent died intestate as to income from the property given in trust which may accrue before 1950 or before the death of the survivor of the two sons referred to in it if such death should occur before 1950. To question five, we answer that the two sons of the testator other than Frank D'Atro are intended in paragraph three. To questions six and seven, we answer that the administrator, *c. t.a.,* or his successor, are not to keep the principal fund and accumulation intact until the year 1950, but are to dispense the income as it shall accrue in accordance with the foregoing opinion.

No costs will be taxed in this court to any party.

In this opinion the other judges concurred.