Yvonne P. Gaess, Administratrix (Estate of Roger
W. Gaess), et al. *v*. Albert H. Gaess et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued March 13—decided May 3, 1945.

*William W. Gager,* with whom was *Albert W. Hummel,* for the appellants (defendants).

*Theobald E. Conway,* with whom were *J. Warren Upson* and, on the brief, *Lawrence L. Lewis,* for the appellees (plaintiffs).

MALTBIE, C. J. The named plaintiff's intestate and the two defendants named in the writ, Albert H. Gaess and Adam R. Muchalight, entered into a written agreement to make contributions to a fund to be held in trust by Albert H. Gaess. This action is based upon a provision in the contract that if the fund should not be used for the purpose for which it was intended it should be distributed to the parties to the agreement in equal shares. In accordance with this provision, the

trial court gave judgment for the plaintiff to recover one-third of the fund from the named defendant. The defendants appealed, claiming that a trust was effectively created and has not failed; but that, if this is not so and the fund should be distributed among the parties to the agreement or their representatives, the distribution should be in proportion to the amount each contributed to it. During the pendency of this appeal Albert H. Gaess died and Minnie B. Gaess, executrix of his estate, was, by order of the Superior Court, substituted in his place as a party defendant.

The three parties to the agreement were all the stockholders, directors and officers of the Gaess Manufacturing Company. It occupied rented quarters, subject to a stipulation that it would surrender the premises upon three months' notice. The parties were fearful that it might be required to vacate. They, therefore, entered into the agreement, the terms of which, placed in a somewhat different order, may be summarized as follows: They agreed to create a trust fund to consist of deposits to be made "periodically, in amounts mutually agreed upon in advance," and "to appoint" Albert H. Gaess permanent trustee; the "primary purpose" was to accumulate sufficient money to build or purchase a building suitable for the business of the corporation if for any reason it had to move from the premises it was occupying; withdrawals from the fund could be made only as agreed upon in advance by a majority vote; the trustee was authorized to choose whatever place of deposit he considered safe and convenient; meetings were to be held at the call of the trustee, one such meeting was to be held each year, and notices of the meetings were to be given by mail one week in advance; minutes of all meetings were to be kept and a majority vote was to govern in all business transacted at them; article 5 provided that

"If, for any reason, the fund is not used for the purpose outlined . . . said fund may be divided equally into three parts and distributed to the parties to this agreement"; the agreement might be terminated and the fund distributed "according to Article 5" upon a majority vote of the parties; "In case of death, the estate of the deceased will enjoy the same rights and benefits as the original party would have enjoyed"; "The articles of agreement mentioned herein are to apply to and bind the heirs, executors and estates of the respective parties."

After the execution of the agreement, the parties deposited with Albert H. Gaess various sums of money, much of which he has invested; and he held at the time of the trial assets of a value of about $46,000. The corporation has continued to occupy the same premises. The plaintiff's intestate died, and the plaintiff, as well as the guardian of her minor son, demanded an accounting from Albert H. Gaess, but he refused it. As the result of the hearing upon the basis of which these facts were found, the trial court concluded that no trust had been created but that the agreement was so far effective as to determine that each party had a one-third interest in the fund and that Albert H. Gaess should account to the plaintiffs on that basis.

The parties to the agreement evidently did not have in mind any further appointment of Albert H. Gaess as trustee than such as inhered in the terms of the contract and in the placing of money in his hands to hold for the purpose stated in it. It is true that the amounts to be contributed by each were left to future agreement, and the way in which the fund should be used for the purchase or construction of a building, the making of withdrawals from it, or its distribution was to be subsequently determined by a majority vote of the three parties or their representatives; but none

of these provisions imported into the situation any such uncertainty as would invalidate the trust; and the mere possibility that at some future time the futility of continuing it or some other reason might require its termination would not make it void from the beginning or ineffective as regards such money as might be delivered to Albert H. Gaess under its provisions.

A person may validly impose conditions upon the use of his estate after his death, as where, for example, he directs that a business be continued by his executors or trustees. *Hewitt* v. *Beattie,* 106 Conn. 602, 612, 138 Atl. 795. So he may bind his estate after his death by an agreement made during his life, a right most often illustrated by provisions in partnership agreements that the death of a partner shall not dissolve the partnership, but that his executor or administrator is to become a partner in his place, or that his interest in the partnership shall continue in his estate. 1 Woerner, American Law of Administration (3d Ed.), § 123. Such provisions are valid and will be given effect. *Blodgett* v. *American National Bank,* 49 Conn. 9, 23; *Hewitt* v. *Sanborn,* 103 Conn. 352, 366, 130 Atl. 472; *Faggelle* v. *Marenna,* 131 Conn. 277, 279, 38 Atl. (2d) 791; *Wild* v. *Davenport,* 48 N. J. L. 129, 136, 7 Atl. 295; *Davis* v. *Christian,* 56 Va. (15 Gratt.) 11, 32; *Lincoln* v. *Orthwein,* 120 Fed. 880, 883, 57 C. C. A. 540. It is true that any liabilities which an executor or administrator might incur in connection with the partnership would be primarily personal liabilities, although in a proper case they would be chargeable to the estate; *Hewitt* v. *Beattie,* supra; and so it may be that in certain circumstances an executor might, without entirely refusing to accept his appointment as such, be justified in not assuming the personal liabilities intrinsic in his participation in the partnership. 1 Woerner, op. cit., p. 424.

Each party to the agreement before us clearly intended that the interest which he had under the agreement in any money in the trust at his death and the right to control the use or disposition of the fund should continue after his death as an incident to his estate; the executor or administrator of his estate would not be bound to place in the fund any part of the property in his hands, because contributions were, by the terms of the agreement, to be made only upon mutual agreement of those interested; nor would the power to vote in determining the use or disposition of the fund impose any personal liability upon an executor or administrator. The plaintiff in this case had no right to put an end to the trust merely because she desired the distribution of the fund. The right to vote in any matter concerning the fund would vest and continue in the executor or administrator of the estate of any party who has died. As the death of a party would not, by the express terms of the agreement, put an end to the possibility of its use for the purpose intended, such a death would not bring into effect the provision that, "if, for any reason, the fund is not used for the purpose outlined," it is to be distributed to the parties equally.

The agreement does not, however, contain any limitation as to the period during which the fund should continue to be held, if the parties or their representatives did not decide, by a majority vote, to use or dispose of it. The purpose of the trust was "to accumulate enough cash" to build or purchase a building for the corporation should it be required to move from the premises it occupied, and that contingency might arise at some quite remote time in the future. Our decisions have fixed twenty-one years as the longest permissible period during which a trust for accumulation may continue, where its duration is not measured by a

life or lives in being. *Wilson* v. *D'Atro*, 109 Conn. 563, 567, 145 Atl. 161; and see *Gertman* v. *Burdick*, 123 Fed. (2d) 924, 930, 75 U. S. App. D. C. 48; Restatement, 1 Trusts, p. 197. In *Wilson* v. *D'Atro*, supra, we held that, where income was to be accumulated for a period beyond that allowed, the entire provision for accumulation was void. Bogert questions that result. 1 Bogert, Trusts & Trustees, p. 650, note 99. In England, accumulations were first restricted by the statute 39 and 40 Geo. III, chap. 98. Lord Eldon, as Master of the Rolls, after consulting others of the judges, held in *Griffiths* v. *Vere*, 9 Ves. 127, 32 Eng. Rep. R. 550, that an accumulation directed to run beyond the permissible period was void only as to the time in excess of that period. That construction was thereafter followed in England; *Webb* v. *Webb*, 2 Beav. 493, 48 Eng. Rep. R. 1273; *In re Lady Rosslyn's Trust*, 16 Sim. 391, 394, 60 Eng. Rep. R. 925; *In re Travis*, [1900] 2 Ch. 541; Lewin, Trusts (14th Ed.), p. 113; and a like construction has been given to similar statutes in this country. *Hull* v. *Hull*, 24 N. Y. 647, 650; *Kolb* v. *Landes*, 277 Ill. 440, 449, 115 N. E. 539; *Wilson* v. *Odell*, 58 Mich. 533, 536, 25 N. W. 506; *Pearce* v. *Pearce*, 199 Ala. 491, 506, 74 So. 952. We have no such statute, and the significance of the statutes governing accumulations in other jurisdictions and of the decisions under them is that the legislature in passing them had deemed that the public policy, upon which alone our rule against accumulations is based, is sufficiently served when only the excess over the permissible period is deemed invalid. If an accumulation for any period up to twenty-one years is not so opposed to public policy as to be invalid, it is difficult to find any adequate reason why, where there is no question of an improper postponement of the vesting of an estate and no other reason of public policy is involved,

an accumulation directed to continue beyond the permissible period should not be held to be valid until the expiration of that period and invalid only as to the excess time. This particular question was not considered by us in *Wilson* v. *D'Atro*, supra, and any implication in that case to the contrary is overruled.

Our conclusion is that, unless by a majority vote of the surviving party to the agreement and the legal representatives of the estates of the deceased parties the fund is to be used or distributed in accordance with the terms of the agreement, it must be held for a period of twenty-one years from the time the first contributions were made. As the fund may be used or distributed before the expiration of that time, by vote of the survivor and the representatives of the deceased parties under the provisions of the agreement, or, if that does not happen, the agreement may continue for some seventeen years, there is no sufficient reason at this time to determine whether at the end of the permissible period for its duration the fund should be distributed equally to those entitled to it in accordance with article 5 or in proportion to the amounts contributed by each party to the agreement. As our decision that the trust has not terminated is conclusive of the issues in the case, there is no need to discuss the other assignments of error.

The agreement clearly did not contemplate that, on the death of Albert H. Gaess, the representative of his estate would succeed him as trustee, and that his executrix would, by virtue of her appointment as such, become trustee of the fund in his place. The agreement did not repose in him any such special confidence in the exercise of the very limited discretion given him that a successor trustee could not properly act in his stead. *South End Bank & Trust Co.* v. *Hurwitz*, 128 Conn. 204, 207, 21 Atl. (2d) 407. A trust never fails

for want of a trustee; *Griffin* v. *Sturges*, 131 Conn. 471, 480, 40 Atl. (2d) 758; and the Probate Court has power to appoint someone to fill the vacancy caused by his death. General Statutes, Cum. Sup. 1939, § 1287e.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.