WILLIAM B. PRATT AND WIFE *vs.* AMANDA C. STEWART AND ANOTHER, ADMINISTRATORS.

An administrator with a will annexed succeeds to all the ordinary powers of the executor.

But if the will expressly constitutes the executor a trustee for some special purpose, or vests in him a discretionary power in reference to some matter outside of the ordinary powers and duties of an executor, or charges him with some duty indicating a special confidence reposed in him, the duty imposed or power conferred does not as a general rule pass to the administrator.

But all the provisions of a will should be executed by the administrator unless a contrary intention clearly appears.

A will gave to a legatee one fourth of certain real estate, and then directed the executor to sell the real estate and pay over to the legatee one fourth

of the proceeds. Held not to be the intent to vest the real estate in the legatee, and that the power to sell it passed to the administrator with the will annexed.

The sale of property, whether for the purpose of paying debts and charges, or of carrying into effect the provisions of a will, is a matter which pertains to ordinary administration.

ASSUMPSIT to recover the proceeds of the sale of certain real estate, made by the defendants as administrators, with the will annexed, of the estate of Shadrack Smith; brought to the Superior Court. Demurrer to the declaration, and reservation for advice. The case is sufficiently stated in the opinion.

*J. B. Curtis*, in support of the demurrer.

*S. Fessenden*, contra.

CARPENTER, J. Shadrack Smith, by will, gave to his daughter Mrs. Pratt, one of the plaintiffs, the one quarter interest in certain real estate in Stamford, and directed his executor to sell the same in one year after his decease and divide the avails, so that his said daughter should receive one fourth thereof. After his death the will was duly proved and approved. The executor declined the trust, and the defendant, Amanda C. Stewart, then the widow of the deceased, was appointed administratrix with the will annexed, which trust she accepted and was duly qualified. She sold a portion of the property, and there was due to Mrs. Pratt of her portion of the avails on the 20th day of October, 1877, the sum of $694.96. These facts are stated in the declaration, and the plaintiffs claim to recover the sum named with interest. There was a general demurrer to the declaration, and the questions of law arising thereon were reserved for the advice of this court.

The record presents this question—was the administratrix authorized to sell the real estate as directed by the will?

The statute (Gen. Statutes, p. 371, sec. 12,) authorizes the court of probate to appoint an administrator with the

will annexed whenever the executor refuses to accept the trust or to give a bond. This statute must be construed as conferring upon the administrator so appointed the ordinary powers for the purpose of settling and disposing of the estate which the executor would have had if he had accepted the trust. But if the will confers upon him powers or charges him with duties not essential to the settlement of the estate, and which are founded in personal confidence, such powers and duties will not ordinarily be transmitted to the administrator. The ordinary provisions of a will directing the custody, control and management of the estate during the settlement, and its final distribution among the objects of the testator's bounty, fall within the former class and may be executed by an administrator. But when the will expressly constitutes the executor a trustee for some special purpose, or vests in him a discretionary power in reference to some matter outside of the ordinary powers and duties of an executor or administrator, or charges him with some duty indicating a special confidence reposed in him—in such cases the duty imposed or power conferred will not as a general rule be transmitted to the administrator.

We will now examine the provisions of this will, so far as the declaration discloses them, for the purpose of ascertaining where the power to sell falls. Before doing so, however, we would remark that all the provisions of a will should be executed by the administrator with the will annexed unless a contrary intention clearly appears.

The testator gave to his daughter one fourth part of certain real estate and then directed the executor to sell the real estate and to pay over to her one fourth of the proceeds. Taken together these two provisions indicate, not an intention to vest the real estate in his daughter in fee, but to give her a pecuniary legacy. They in effect direct the executor to sell the real estate and to pay to the daughter one fourth of the proceeds. It does not differ in principle from those cases, which are not unusual, in which the testator directs all his estate to be sold and converted into money.

The sale of property, whether for the purpose of paying

debts and charges or for the purpose of carrying into effect the provisions in a will, is a matter which pertains to ordinary administration. *Primâ facie* therefore the sale was properly made by the administratrix, and there is nothing in the case to suggest a different conclusion; for the executor is not constituted a trustee, there is no discretionary power, the direction to sell being absolute, and there is no special confidence reposed in him. From the terms of the will it is apparent that the testator intended that the land should be sold without reference to the person selling it. Hence any person authorized by law to administer on the estate may lawfully sell, yea more, it is his duty to do so, for in no other way can the intention of the testator be carried into effect.

The direction to sell in one year can not affect the result. The allegation is "that under and pursuant to the provisions of said will and to the directions thereof the defendants sold," &c. Under this allegation, if time is material, we may presume that the property was sold in one year.

We advise the Superior Court to overrule the demurrer.

In this opinion the other judges concurred.