Osborne vs. Gordon.

OSBORNE, Appellant, vs. GORDON, Respondent.

*September 12 — September 26, 1893.*

*Trusts and trustees: Wills: Discretionary power: Execution by successor of original trustee.*

A will gave a fund to a trustee, directing that the interest and income arising therefrom should be paid over to the daughter of the testatrix, and authorizing said trustee to pay over to her "any portion of the principal of said trust fund, as it shall seem to him proper, for her support and comfort." *Held*, that the trust power in respect to payment of the principal was imperative and, upon the death of the original trustee, might be executed by a trustee appointed by the court.

Osborne vs. Gordon.

APPEAL from the Circuit Court for *La Crosse* County.
The facts are stated in the opinion. *Rockwell E. Osborne*,
a trustee appointed by the county court of La Crosse
county to execute a trust created by the will of Harriet
A. Wells, deceased, appeals from the judgment of the cir-
cuit court reversing the judgment of said .county court
allowing a certain item in his account as such trustee.

For the appellant there was a brief by *Winter, Esch &
Winter*, and oral argument by *Frank Winter*. They ar-
gued, among other things, that under sec. 4027, R. S. (pro-
viding that "the estate so given shall vest in like manner,
*to all intents and purposes*, as it vested in the original
trustee"), a trustee appointed by the court has the same
powers, discretionary as well as ministerial, as the trustee
appointed by the will.    Gary, Probate Law, sec. 730;
Perry, Trusts, sec. 503; *Leggett v Hunter*, 19 N. Y. 445.

*George H. Gordon*, guardian *ad litem* and respondent,
contended, *inter alia*, that this is a case of a trust with a
power annexed.   The trust as to the "interest and income"
is absolute, but the language employed in reference to the
principal of the fund creates a *mere power*.    Perry, Trusts
(3d ed.), secs. 20, 114, 248, 253, 505–508; Story, Eq. Jur.
sec. 1070; Pomeroy, Eq. Jur. secs. 834–1002; *Tainter v.
Clark*, 13 Met. 220–225; *Bain v. Matteson*, 54 N. Y. 663–
667; Sugden, Powers, sec. 183; *Lines v. Darden*, 5 Fla. 51;
*Greenough v. Welles*, 10 Cush. 576; *Eldredge v. Heard*, 106
Mass. 582; *Cole v. Wade*, 16 Ves. Jr. 27.    Sec. 4027, R. S.,
simply confers upon the probate court the same power and
jurisdiction which courts of equity always possessed in cases
involving testamentary trusts.

ORTON, J.   The facts of this case are as follows:
Harriet A. Wells died *testate* at the city of La Crosse on
the 12th day of May, 1889.   The following are the pro-
visions of her will, material to this case:
"All the rest, residue, and remainder of my estate, both

real and personal, I hereby give, devise, and bequeath to my said executor, to sell, dispose of, and convert into money, either at private sale or public auction, on such terms as to him shall seem just and reasonable, and to divide the proceeds into three equal parts, one part of which shall be paid to my said daughter Rebecca S. Thompson, to have and to hold, to her, her heirs and assigns, forever. One part shall be paid to my said son, Helmus, to have and to hold, to him and his heirs and assigns, forever. The other part or third shall be paid to my son, Helmus M. Wells, to be held by him, however, in trust, for the following purposes: The interest and income arising from this part of my estate, so held in trust, shall be paid over by the said trustee to my daughter Eva M. Odell from time to time, as it shall be received, during her natural life; and I hereby authorize the said trustee to pay over to my daughter Eva any portion of the principal of said trust fund, as it shall seem to him proper, for her support and comfort. And in case my said daughter shall die leaving issue, so much of said trust fund as shall remain shall be paid over to her children, to hold to them and their heirs forever; but in case my said daughter shall die childless, then said trust fund so remaining, if any, shall be paid over to my said daughter Rebecca and to my son Helmus, to each an equal part, to hold to them and their heirs forever."

This is all of the will that can aid us in the construction of the clause in question. Helmus M. Wells qualified as executor, and accepted the trust, and paid over to the said Eva M. Odell only $209.40 before his death, on the 20th day of January, 1890. At that time the estate had not been assigned. On the 2d day of April, 1890, the said Rebecca S. Thompson was appointed administratrix *de bonis non* of the estate of Harriet A. Wells; and on the 7th day of May, 1890, Louisa M. Wells was appointed administratrix of the estate of Helmus M. Wells, and transferred the estate of Harriet A. Wells to said administratrix *de bonis*

*non* May 20, 1890. On the 11th day of October, 1890, *Rockwell E. Osborne*, the appellant, on the petition of Eva M. Odell, was duly appointed trustee in the place of said Helmus M. Wells, deceased, to carry out the trust created by the will, and he was to have like powers and duties as the original trustee, and there was paid to him by the administratrix the sum of $7,997.01 of the trust fund. On the 7th day of February, 1891, the appellant, as such trustee, paid to said Eva M. Odell, the beneficiary, the sum of $1,000 of the principal of said trust fund, which seemed to him proper for her comfort and support. The appellant trustee, having presented his accounts as such trustee to the county court for allowance, this item thereof, with others, was duly allowed and confirmed, against the objection of the respondent, *George H. Gordon*, the guardian *ad litem* of the minor children of the said Helmus M. Wells, deceased. The said guardian *ad litem* appealed from said order of allowance of said item of $1,000 to the circuit court, and that court reversed the order of the county court in that behalf on the ground that the trust reposed in said Helmus M. Wells by the will, to pay any part of the principal of said one-third part of said estate to the said Eva M. Odell, was a *discretion* reposed in the said Helmus, and, not having been exercised by him, did not survive, but failed on his death, and that the appellant, as his successor in the trust, had no power or authority to make said payment; and said trustee appealed to this court from said judgment.

The question thus presented depends upon the construction of this clause of the will: " Pay over to my daughter Eva any portion of the principal of said trust fund, *as it shall seem to him proper, for her comfort and support.*" This is an express trust and a mixed trust and power, or a trust power. Sec. 2123, R. S.; Perry, Trusts, § 20. The power is *imperative*, and imposes a duty on the donee or grantee, the performance of which may be compelled by action for

the benefit of the party interested, and not a power made expressly to depend on the will of the grantee whether it shall be executed or not. Upon the death of the original trustee appointed by the will, the trust vests in the court, with all the powers and duties of the original trustee, to be executed by some person appointed for that purpose under the direction of the court. Sec. 2094, R. S. This power joined to the trust is *imperative* and must be executed, and the general trust is settled and fixed by the testator or settler of the trust. It makes no difference with such a trust power if the mode and details of its execution are left to the *discretion* or judgment of the trustee. Perry, Trusts, *supra*. A power *annexed* to the trust, which may be executed or not in the judgment or discretion of the trustee, is a mere naked power, and will not devolve upon a trustee appointed by the court upon the death of the original trustee. Such a power must be executed by the original trustee and by no one else, and, if not executed by him, fails. The learned counsel of the respondent contends that this is such a power, and so the circuit court held. We think it very clear that the testator intended that Eva M. Odell should have paid to her such part of the principal of this one-third of the estate as she might need from time to time for her comfort and support. The interest or income of this one-third of the estate would be an inconsiderable provision for that purpose. It was no doubt intended that this fund should be a permanent and certain resource, upon which the said Eva could depend and rely for her comfort and support during her natural life. On her death the will does not dispose of the whole fund, but only of what there may be *remaining of it*, if any, after securing by it her comfort and support. It would be a harsh and unreasonable interpretation of this clause of the will, and unworthy of the testatrix, that this tenderly cherished daughter should depend upon the mere will of her brother Helmus whether

she should have any of this one-third share of her estate, especially after he had received one full third thereof to himself, and when, in case of her death childless, he would receive one full half of this share. This would make the said Helmus directly interested against paying any part of it to his sister Eva, however much she might need it for her comfort and support. Such an ungenerous construction of the will cannot be endured.

It does not affect this imperative power that the trustee may determine in his judgment or discretion, or " as it shall seem to him proper," the *portion* of the principal which the said Eva may need from time to time for her comfort and support. This judgment and discretion must be reasonably exercised. The abuse of discretion in such a case may be corrected by the courts. The beneficiary is entitled to any portion of the fund necessary or " proper " at any time for her comfort and support. What that portion shall be must necessarily be determined by some one, and this is the duty of the trustee, in the first place. Such a discretion is by no means unlimited. If it were, it might defeat the purpose and object of the bequest. I am satisfied that this is the true construction of this clause of the will, under our own statute. The statutes of Massachusetts, Maine, Vermont, and New York are like ours in this respect, and the cases cited by the learned counsel of the appellant are clearly in point. In *Nugent v. Cloon*, 117 Mass. 219, the testator authorized the trustee to sell any part of the trust estate " whenever and in such manner as he might deem expedient." The trustee died without executing this power. The trustee appointed in his place made sale of the land, and conveyed it to the purchaser. The sale was upheld, and it was held by the court that the second trustee could exercise the discretion vested in the first. That case is much stronger than this. In *Gibbs v. Marsh*, 2 Met. 243, the trustee was authorized to sell any of

the real estate, " excepting one or two pieces, as *he should see fit.*" The trustee under the will did not accept the trust, and the court appointed a trustee in his place. His sale of the land was upheld. In *Cleveland v. Hallett*, 6 Cush. 403, the trustee was empowered to pay to the beneficiary *such part of the principal " as he should see fit,*" and declined to serve, and the one appointed in his place exercised this discretion, and it was upheld. See, also, *Leggett v. Hunter*, 19 N. Y. 445. In *Chase v. Davis*, 65 Me. 102, the power was that the trustees, " at their discretion," might, after five years, convey to the beneficiaries the trust estates. It was held that a trustee appointed by the court could execute this power and exercise this discretion. See, also, *Purdie v. Whitney*, 20 Pick. 25. In *Sargent v. Bourne*, 6 Met. 32, the trustees were authorized to pay so much of the annual income of the estate, not exceeding $5,000 a year, " as they shall judge necessary and proper for the comfortable and respectable maintenance of the said George P. and his wife and children," and advance and pay from time to time " such sum or sums *as they shall think necessary and proper* to educate the children." Trustees were appointed in the place of those who refused to serve, and it was held that they could execute the trust, as it was intended to be a provision made for George P. and his wife and children, liberal, comfortable, and respectable, and must not fail. There was good reason to hold such a power *imperative*, although the details were left to the discretion or judgment of the trustees.

I have availed myself of these authorities in the brief of the appellant's counsel to support what I deem to be the true distinction between trusts where the whole power is discretionary in the trustee and left to his will whether it shall be executed or not, and where the power is imperative and the mere manner, time, or mode of its execution only are discretionary. In the first case it is doubtful, to

say the least, whether any trustee except the one appointed by the testator could execute the power, but we do not decide that question. But in the latter case the statute unquestionably authorizes the power to be executed by a trustee appointed by the court on the death or resignation of the original trustee. But the learned counsel contends that under statutes like ours — and has cited these cases to show it — a trustee can be appointed to carry out the trust and execute the power in any case of an express trust. We cannot so hold, and it is not necessary to the appellant's case that we should do so.

The appellant trustee, appointed by the court in place of the said Helmus M. Wells, deceased, therefore properly and lawfully paid to the said beneficiary the said sum of $1,000, as a portion of the said trust fund, and the county court properly allowed this item of his account.

*By the Court.*— The judgment of the circuit court is reversed, with direction to affirm the judgment of the county court, and the cause remanded for further proceedings according to law.