CHARLES E. WHITAKER, TRUSTEE, *vs.* ELIZABETH P.
McDOWELL ET ALS.

Second Judicial District, Norwich, April Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An absolute and final discretion respecting the disposition of a trust
fund, conferred by will upon the individual named therein as
trustee, is purely personal, and will not devolve upon a successor
appointed by the court.

A testator gave $5,000 in trust to *A*, or, if he should fail to qualify, to
*B*, to pay to the testator's sister the income for her life, with au-
thority to use any portion of the principal which, in his judgment,
might be needed for her suitable care and maintenance; and pro-
vided that said trustee should have "an absolute discretion in the
manner of the disposition of said trust fund," and that his decision
should "be final and conclusive." *Held* that a successor appointed
by the Court of Probate under General Statutes, § 249, had no
power to use more than the income for the sister's support.

Argued April 27th—decided May 25th, 1909.

SUIT to construe the will of David A. Billings of Norwich,
deceased, brought to and reserved by the Superior Court in

New London County, *Curtis, J.*, upon the facts stated in the complaint, for the advice of this court.

*Wallace S. Allis,* for the plaintiff.

*William H. Shields,* for Elizabeth P. McDowell.

*Jeremiah J. Desmond,* for Susan A. Teeple *et al.*

HALL, J. The testator, David A. Billings of the city of Norwich, died in May, 1906. Beside several charitable and other large bequests, his will contains this provision: "Tenth. I give and bequeath to George D. Coit, Esq., of said Norwich, (provided he shall duly qualify as the executor of this my last will and testament, and in the event that he do not so qualify, then I give and bequeath to Charles B. Chapman, Esq., of said Norwich, with like proviso) ·the sum of Five Thousand Dollars ($5,000.00) solely in trust for the following uses and purposes, viz: to pay over to my sister, Elizabeth P. McDowell of said Norwich, the income of said trust fund for and during the term of her natural life. I further authorize and direct said trustee, if in his judgment any portion of the principal of said trust fund may be needed for the proper and necessary support of my said sister, to use so much of the principal of said trust fund, as may be needed for her suitable care and maintenance and it is my will that said trustee have an absolute discretion in the manner of the disposition of said trust fund, both principal and income, during the lifetime of my said sister, and his decision in said matter is to be final and conclusive."

Another clause of the will gives the residue of his estate, upon the death of ·his said sister, to Susan A. Teeple of Brooklyn, N. Y.

George D. Coit, and in case he should fail to qualify, said Charles B. Chapman, was appointed executor of the will.

George D. Coit, having qualified as such executor and

trustee, died in October, 1906, and said Charles B. Chapman having failed to qualify, either as executor or trustee, Augustus Coit was appointed administrator with the will annexed, and completed the settlement of the estate. One Dolbeare was appointed trustee of said trust, and upon the latter's resignation in 1907 the plaintiff was appointed and qualified, and has since acted as trustee of said trust, and has now in his hands securities representing the $5,000 bequeathed in trust as above stated.

Heretofore only the income of said $5,000, in the hands of said trustees, has been paid to said Elizabeth P. McDowell. By this action, reserved for our advice, the plaintiff, as such trustee, asks the direction of the court upon these questions: (1) Has the present trustee the right under the will to pay over to Elizabeth P. McDowell, for her proper and necessary support, more than the income from said $5,000? (2) If he may make such payments in excess of the income, has he the same discretion regarding them as was given by the will to George D. Coit?

"A power *annexed* to the trust, which may be executed or not in the judgment or discretion of the trustee, is a mere naked power, and will not devolve upon a trustee appointed by the court upon the death of the original trustee." *Osborne* v. *Gordon,* 86 Wis. 92, 96, 56 N. W. 334. Where the power is a matter of personal confidence in the trustee, it cannot be extended beyond the express words and clear intention of the donor. 2 Perry on Trusts (5th Ed.) § 496. This court said, in *Pratt* v. *Stewart,* 49 Conn. 339, 341, that "when the will expressly constitutes the executor a trustee for some special purpose, or vests in him a discretionary power in reference to some matter outside of the ordinary powers and duties of an executor or administrator, or charges him with some duty indicating a special confidence reposed in him . . . the duty imposed or power conferred will not as a general rule be transmitted to the administrator." In *Security Co.* v. *Snow,* 70 Conn. 288, 39

Atl. 153, the plaintiff, who had been appointed by the court upon the death of the original trustee, asked the direction of the court upon the question of whether the discretionary power given by the testator to his wife, as trustee, "to pay, deliver and convey said trust estate, from time to time to [the testator's daughter] during her natural life, as she [the trustee] might deem for the interest and welfare of said ·daughter," was a personal discretion to be exercised only by the testator's wife, or whether the plaintiff as her successor could exercise said discretionary power. The answer given by this court was that the discretionary power thus given by the testator to his wife was purely personal and ended with her life, and could not be exercised by the plaintiff as her successor.

The language of the will before us does not make it the duty of the named trustees to pay any portion of the principal to the testator's sister, under any circumstances. If said life beneficiary should need more than the income of the $5,000 for her support, it was left to the judgment of the trustee named in the will to decide whether it would be well to expend either a part or the whole of the principal, and to thus either reduce or entirely take away from the testator's said sister her future income. The words: "It is my will that said trustee have an absolute discretion in the manner of the disposition of said trust fund, both principal and income, during the lifetime of my said sister, and his decision in said matter is to be final and conclusive," make it clear that it was not the testator's intention to require the trustee as one of his duties to pay to the life beneficiary, at any time, any part of the principal of the trust fund, but that he intended to leave it to the judgment and discretion of the original trustee as to whether or not any part of the principal should be paid to said life beneficiary. Such discretionary power as to the use of the principal was a matter of personal confidence in the original trustee, which cannot be exercised by the plaintiff.

No question is made but that it is the duty of the plaintiff to pay over the entire income to the testator's sister during her life.

Section 249 of the General Statutes, empowering courts of probate, upon the death of a testamentary trustee, and upon other named contingencies, to appoint a suitable person to execute such trust, does not authorize such appointees to exercise special discretionary powers conferred by the testator upon the original trustee and founded upon personal confidence. *Pratt* v. *Stewart*, 49 Conn. 339, 341.

The Superior Court is advised that the discretionary power given to the trustees named in the will, to pay over to the testator's sister, Elizabeth P. McDowell, or use for her support, any portion of the principal of said trust fund of $5,000, cannot be exercised by the plaintiff.

No costs in this court will be taxed in favor of any party.

In this opinion the other judges concurred.