### WILLIAM H. WILLIAMS, TRUSTEE, *vs.* ANNA H. GARDNER ET AL.

* First Judicial District, Hartford, March Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Testamentary powers whose execution depends upon the mere discretion and will of the donee of the power, terminate at his death and cannot be exercised by his official successor appointed by court; but if the power is one which the original trustee would be required to execute, were he acting as such, it may and should be executed by his successor appointed pursuant to § 249 of the General Stat-

---

* Transferred from the third judicial district.

utes. In the former case the court cannot control the discretion of the trustee nor substitute its own: while in the latter case the power is coupled with a trust, which a court of equity will enforce either through the original trustee or an appointed successor.

In the present case a testator gave one half of the residue of his property to a trustee, who was to pay over the net income thereof to the testator's son, and at stated times was directed to make careful inquiry into the social and business character and relations of the son and if then of opinion that he would prudently and economically manage the property, to transfer and deliver to him a one-third portion thereof; otherwise to withhold it until the time arrived for another inquiry and decision by the trustee. The original trustee died after having transferred two thirds of the property to the son. *Held* that his official successor, appointed by the Court of Probate under General Statutes, § 249, was entitled to make the careful inquiry with respect to a transfer of the balance of the trust estate to the son, and to act in accord with his opinion formed upon such investigation.

Argued March 14th—decided June 2d, 1916.

SUIT by the successor of the original testamentary trustee to determine his power and authority under a clause of the will of John Wolfe of Beacon Falls, deceased, brought to and reserved by the Superior Court in New Haven County, *Burpee, J.*, upon the facts alleged in the complaint, for the advice of this court.

John Wolfe died, leaving a will dated May 16th, 1904, wherein, after making several bequests, he gave the remainder of his estate to Charles H. Pine in trust, the same to be divided into two equal parts, and as to the one which is here in question, he made certain provisions which are set forth in the footnote.

"XI. 1st. Of said latter of said equal parts or shares of said rest, residue and remainder of my estate so given in trust as aforesaid, I will and direct said trustee thereof to pay and deliver to my aforesaid son, the said Carl L. Wolfe, in semi-annual payments, the entire net rents, interest and income thereof, for and during the life of said trust; or for and during the term of the natural life of said Carl L. Wolfe, if said trust so long continue, the same to be to him as his own absolute estate forever, relieved of said trust.

"2d. My will is, and I. hereby order and direct said trustee of said

Pine, as trustee, on June 30th, 1911, reported to the Court of Probate that he had made the careful inquiry as provided in § 2 of paragraph XI, and the judgment

trust estate within six months after receipt by him as such trustee of said estate, and after written request of my said son, the said Carl L. Wolfe, for such purpose, to make careful inquiry into the social and business character and relations of my said son; and if after such careful inquiry said trustee be of opinion that my said son would prudently and economically manage the same, thereupon to transfer, convey and deliver to my said son one equal one-third part of said latter one-half part or share of the corpus of said rest, residue and remainder of my said estate, so given, devised and bequeathed in trust as aforesaid, to be to him, the said Carl L. Wolfe, as his own absolute estate forever, relieved of said trust; but if said trustee after said careful inquiry into the social and business character and relations of my said son be of opinion, that he the said Carl L. Wolfe will not manage said estate with prudence and economy, then said trust shall continue and remain as though this paragraph of this my will had not been written.

"3d. And further my will is, and I hereby further order and direct said trustee of said trust estate, after the conclusion of two years after the foregoing careful inquiry into the social and business character and relations of my said son, the said Carl L. Wolfe, and after written request of my said son, the said Carl L. Wolfe, for such purpose, to make another and further careful inquiry into the social and business character and relations of my said son, the said Carl L. Wolfe, as ordered and directed in the next preceding paragraph of this my will; and if after such careful inquiry said trustee be of opinion that my said son would prudently and economically manage the same, then and thereupon said trustee shall transfer and deliver to my said son, the said Carl L. Wolfe (if no antecedent payment, transfer or delivery of the corpus of said trust estate shall have been made by said trustee to said Carl L. Wolfe, *cestui que trust* aforesaid, under and by the terms and conditions of this my will) one equal one-half part or portion of the corpus of said trust estate, so held by said trustee for said Carl L. Wolfe, to be to him as his own absolute estate forever, relieved of said trust; but, however, if there shall have been any antecedent payment to him of or from the corpus of said trust estate by said trustee, under the terms and conditions of this my will, then said trustee shall pay and deliver to my said son, the said Carl L. Wolfe, the equal one-half of the corpus of said trust estate then remaining in the hands of said trustee, upon the same conditions and provisions as prescribed aforesaid, in case there had been antecedent payments by said trustee to said Carl L. Wolfe as aforesaid; but however, if said trustee, after said latter careful inquiry into the social and business character and relations of my said son, be of opinion that the

of the trustee being that Carl L. Wolfe, therein men-
tioned, was entitled to receive it, had paid over to him
one third of the trust estate. On July 1st, 1913, a sim-

said Carl L. Wolfe will not manage said estate with prudence and econ-
omy, then said trust shall continue and remain as though this paragraph
of this my will had not been written.

"4th. And further my will is, and I hereby further order and direct
said trustee of said trust estate, after the conclusion of two years after
the last foregoing careful inquiry into the social and business character
and relations of my said son, the said Carl L. Wolfe, and after written
request of my said son, the said Carl L. Wolfe for such purpose, to make
another and further careful inquiry into the social and business char-
acter and relations of my said son, the said Carl L. Wolfe, as hereinbefore
ordered and directed in relation to said preceding like careful inquiries,
and if after such careful inquiry, said trustee be of opinion that my said
son would prudently and economically manage the same, and further
provided, however, that in each of the aforesaid careful inquiries, said
trustee shall have been of opinion and shall have found that said Carl L.
Wolfe would manage that portion of said trust estate, so then before
delivered to him under the terms and conditions of this my will, with
prudence and economy, then and in such event, said trustee shall trans-
fer and deliver to the said Carl L. Wolfe all that remains of said trust
estate in the hands of said trustee for said Carl L. Wolfe, to be to him,
the said Carl L. Wolfe, as his own absolute estate forever, relieved of said
trust. If however, upon such careful inquiry, said trustee be of opinion
and find that said Carl L. Wolfe will not prudently and economically
manage and use said trust estate, then and in such event such trust shall
continue and remain as though this clause of this my will had never
been written.

"5th. And further my will is, and I hereby further order and direct
said trustee (in case my said son, the said Carl L. Wolfe, do not become
entitled to the title and possession of said trust estate or to any part or
portion thereof so held for his benefit under the terms and provisions of
this my will), at any time after the last aforesaid careful inquiry by said
trustee into the social and business character and reputation of the said
Carl L. Wolfe, as said trustee shall deem for the best interest of said
Carl L. Wolfe, to make such other and further careful inquiry into the
social and business character and relations of the said Carl L. Wolfe, as
hereinbefore directed, and if upon such and other and further careful
inquiry as aforesaid, said trustee shall be of opinion and find that the
said Carl L. Wolfe will manage and use said trust estate or any part or
portion thereof with prudence and economy, to convey and deliver the
corpus of said trust estate then remaining in the hands of said trustee, or
such part or portion thereof as in the judgment of said trustee will be for
the best and most substantial interest of my aforesaid son, the said

ilar report was made by the trustee, showing that he had turned over to Carl L. Wolfe one half of the remainder of said trust estate left in his hands after the first payment. On March 14th, 1915, said Pine died, and in September following the plaintiff was appointed by the Court of Probate his successor in said trust. In November following, the defendant Carl L. Wolfe made application to the plaintiff as trustee for the payment to him of the remaining portion of the corpus of the trust estate now in the hands of the plaintiff.

The plaintiff in his complaint asks the court to advise him whether, as successor in trust, he is entitled to make inquiry into the social and business character and relations of said Carl L. Wolfe, which the testamentary trustee was directed to make under sections 4 and 5 of paragraph XI of the will, for the purpose of determining whether the balance of the trust estate in his hands shall be turned over to said Carl L. Wolfe. This question is reserved by the Superior Court for the advice of this court.

*Harold E. Drew,* for the plaintiff.

*Edward A. Harriman,* for the defendant Carl L. Wolfe.

*Robert S. Walker,* for the defendant Colonial Trust Company, trustee and guardian *ad litem.*

Carl L. Wolfe, to be to him as his own absolute estate forever, relieved of said trust.

"6th. And further, my will is, and I hereby further will, order and direct, that said trustee, in case of accident or sickness to or of my said son, the said Carl L. Wolfe, he become reduced to want, and the rents, profits, interest and income of said trust estate held for his benefit by said trustee, together with his other estate and income (if any such he have), then be insufficient to supply his necessities, to expend of and from the corpus of said trust estate so held for his benefit sufficient thereof to meet his immediate wants and to relieve his present necessities."

THAYER, J. The plaintiff was appointed trustee to succeed Mr. Pine as testamentary trustee under the will of John Wolfe, pursuant to § 249 of the General Statutes. Neither the statute nor the general law authorizes the successors so appointed, of testamentary trustees, to exercise special discretionary powers founded upon personal confidence conferred by a testator upon the latter. *Whitaker* v. *McDowell*, 82 Conn. 195, 199, 72 Atl. 938; *Pratt* v. *Stewart*, 49 Conn. 339, 341. But powers conferred by the testator, which the testamentary trustee, if acting, would be required to execute, it is the duty of his successor so appointed to execute. In the former case the execution of the power depends upon the mere discretion and will of the donee of the power, and the court cannot control his discretion or exercise it in his stead, and at his death the power ends. *Security Co.* v. *Snow*, 70 Conn. 288, 292, 39 Atl. 153; 1 Perry on Trusts (6th Ed.) § 248. In the latter case the power is coupled with a trust which a court of equity will compel the donee to execute, or, in case of his death or refusal to act, will execute by itself or another trustee appointed by it. 1 Perry on Trusts (6th Ed.) § 248; *Sells* v. *Delgado*, 186 Mass. 25, 28, 70 N. E. 1036; *Hicks* v. *Hicks*, 84 N. J. Eq. 515, 518, 94 Atl. 409, 411; *Osborne* v. *Gordon*, 86 Wis. 92, 95, 56 N. W. 334; *Russell* v. *Hartley*, 83 Conn. 654, 663, 78 Atl. 320.

In the present case if the testator's intention was to give to the testamentary trustee merely the power, if he saw fit, to turn over the corpus of the trust estate to the testator's son, the power was simply discretionary, and so far as the trustee in his lifetime failed to execute it it ended with his death and cannot be executed by his successor; but if the testator intended to impose upon the trustee the duty of making an inquiry, at the times indicated, into the social and business character and

relations of the son, and, if it appeared upon such inquiry that the son would manage the property prudently and economically, to turn a portion of it over to him, then a trust was imposed upon the trustee to make the inquiry, and if from the inquiry it was his judgment that the son would manage it prudently, to transfer the portions as indicated. In the latter case, the trust not having been fully executed when the original trustee died, it would devolve upon the plaintiff as his successor to complete the execution of it.

The testator's intention must be sought in the will. The record does not disclose the son's age or any of the circumstances under which the testator made it. It appears that the trust fund amounted to about $50,000. We think it plain from the eleventh paragraph of the will, that the testator intended that his son should receive the entire trust estate to which the paragraph relates, in three equal parts, one at the end of six months from the time when the fund should come into the trustee's hands, one at the end of two years from that time, and one two years later, provided at these dates the son's social and business character and relations were such that he would be likely to prudently and economically manage the same; that these payments were not to be at the mere discretion and will of the trustee, but were to be absolute upon a finding that the son was so qualified; and that the testator ordered and directed the inquiry to be made by the trustee to the end that he should thereby form a judgment and find whether the son's social and business character fitted him to so manage the property if delivered to him, and if the trustee so found, ordered and directed that the portions of the fund indicated should at once be paid to him. The entire paragraph shows that the testator's plan and expectation was that the son should receive the entire corpus of the estate, but that if he should be

found incompetent to manage it, that the income only should be paid to him. The language is not such as would have been used had the testator's intent been to give the life use of the property to the son with a discretionary power in the trustee to turn over a portion of the principal to the son if he saw fit. The paragraph begins by providing that the income shall be paid to the son during the life of the trust. It is to be paid to him for life only in case he fails to survive the life of the trust, which is to be ended by the payment to him of the principal as later provided. The times and amounts of the payments from the corpus of the trust estate are fixed by the testator. He provides in what manner it shall be determined whether the son is capable of managing the property if turned over to him. It is only in case that all these, and an additional careful inquiry provided for in section 5, shall fail to satisfy the trustee of the son's competency, that the latter is to receive only the income of the fund, and then, under section six, the trustee is to pay over a portion of the corpus if the income is insufficient for the son's needs. The determination, by such an inquiry, whether the son is capable of prudently managing the property, can be done by the court or a succeeding trustee as well as by the person appointed by the will. The power to sit in judgment is not a naked power. *Hicks* v. *Hicks*, 84 N. J. Eq. 515, 518, 94 Atl. 409, 411. The power of inquiry and determination given by the will was a power in trust for the benefit of the testator's son, and a court of equity could enforce the execution of it had the testamentary trustee neglected or refused to execute it. Its execution having been interrupted by the death of the original trustee, the further performance of it devolves upon his successor, the plaintiff.

The Superior Court is advised to instruct the plaintiff that, as successor in trust to said Charles H. Pine,

he is entitled to make the careful inquiries into the social and business character and relations of the said Carl L. Wolfe directed to be made in the fourth and fifth sections of paragraph eleven, and if from such inquiries it is his judgment that said Carl L. Wolfe would prudently and economically manage the balance of the trust estate now in the plaintiff's hands it will be the duty of the plaintiff to transfer the same to him.

No costs in favor of either party will be taxed in this court.

In this opinion the other judges concurred.