## WATLING v. WATLING et al.

(District Court, E. D. Michigan, S. D. November 10, 1926.)

No. 633.

**1. Wills ☞439.**

Nature and effect of will and trust thereby created must depend on testator's intention.

**2. Wills ☞441—In ascertaining testator's intention, court should consider surrounding circumstances and conditions.**

In ascertaining testator's intention, court should consider surrounding circumstances and conditions known to testator at time of execution of will, which might tend to explain motives and purposes.

**3. Wills ☞689.**

Will held to show intent to create active trust for benefit of daughter, and discretionary power granted trustee to transfer to her absolutely all or part of trust estate at any time, and that such trust should continue during daughter's life, unless extinguished as provided.

**4. Trusts ☞243—Discretionary power granted testamentary trustee to terminate trust, by transferring trust estate to cestui, passes to any successor trustee.**

Discretionary trust power, granted testamentary trustee to transfer trust estate to cestui at any time during her lifetime and thus terminate trust, held to pass to any successor trustee, in absence of language indicating intention to limit such power to original trustee.

**5. Evidence ☞60.**

It is presumed that successor trustee of testamentary trust, when judicially advised of possession of discretionary power to terminate such trust, will not fail in honest and proper exercise thereof.

**6. Trusts ☞177.**

Court will not interfere in exercise of discretionary power of testamentary trustee, where no abuse of discretion has been shown.

**7. Wills ☞695(4).**

Court of equity will not undertake to declare future rights of trust beneficiaries, unless decision is necessary for determination of immediate relief which should be granted.

**8. Trusts ⚖➡243—Regularity of appointment of successor trustee for testamentary trust held question for court making such appointment.**

Irregularity in appointment of successor trustee for testamentary trust without notice to beneficiary is question for court making appointment, and not for equity court in collateral proceeding.

**9. Trusts ⚖➡243.**

Discretionary power to terminate testamentary trust *held* not to remain in original trustees named in will after appointment of successor trustee.

In Equity. Suit by Lucile Watling against John W. Watling and another, involving the construction of a testamentary trust and rights thereunder. Trust construed, and rights determined.

Lucking, Helfman, Lucking & Hanlon, of Detroit, Mich., for plaintiff.

Stevenson, Carpenter, Butzel & Backus, of Detroit, Mich., for defendant Watling.

Campbell, Bulkley & Ledyard, of Detroit, Mich., for defendant Union Trust Co.

SIMONS, District Judge. This cause, which has been submitted to the court for final decision and decree on bill and answer and the proofs taken thereon, involves and requires the construction of a testamentary trust and of the rights and obligations of the trustee and of the beneficiaries thereunder.

The plaintiff, Lucile Watling, who is one of the beneficiaries of said trust, is a resident citizen of Maryland, and the defendants, John W. Watling, who is the other beneficiary under said trust, his children, and the Union Trust Company, a Michigan corporation, which is the present trustee of such trust, are resident citizens of Michigan, and the jurisdiction of this court has been properly invoked on the ground of the requisite diversity of citizenship, accompanied by the jurisdictional amount of the matter in controversy. The bill seeks to have certain provisions of said trust construed and enforced.

The facts, as they have been proved to the satisfaction of this court and are hereby formally found by the court, may be stated, sufficiently for the purposes of this opinion, as follows:

John A. Watling died testate in 1919, leaving the following last will, made in 1909 and probated in 1919:

"I, John A. Watling, of the city of Washington, in the District of Columbia, being of full age and of sound mind, do hereby make, execute, publish and declare this to be my last will and testament, as follows, to wit:

"1. I hereby revoke all former wills and codicils by me at any time heretofore made.

"2. I hereby appoint my son, John W. Watling, and my friend, William F. McCorkle, both of the city of Detroit, county of Wayne, and state of Michigan, the executors of this will, and I give to them full power to sell and convey all my estate, both real and personal, or any part thereof, without asking or obtaining license from any court for that purpose, and I direct that my said executors be required to give a nominal bond only.

"3. I hereby direct that all my debts, funeral expenses and the expenses of administering my estate, shall first be paid out of my estate, also all inheritance taxes, of any kind, taxable against any of the beneficiaries under this will.

"4. I hereby make the following devises and bequests upon the express condition that they shall be in lieu of and in full payment and satisfaction of all the claims, rights, title and interest of the beneficiaries in and to my estate:

"5. I give and devise my homestead, in the city of Ypsilanti, Michigan, with sixty (60) feet of frontage, to my wife Eunice W. Watling, subject to the right of way over the present roadway running between my said homestead and my office intending that the office building, with twenty-five (25) feet of frontage, shall constitute a part of the residue of my estate. I also give and bequeath to my said wife, all my clothing, jewelry, and other articles of personal apparel, ornament or use, also my library books, pictures, silverware, glassware, chinaware, furniture, provisions, utensils, and all other articles of household use or ornament.

"6. The residue of my estate, then remaining, I hereby dispose of in manner following, to wit:

"A. One-third of said residue I give, devise and bequeath to my said son, John W. Watling.

"B. One-third of said residue I give, devise and bequeath to the said John W. Watling and William F. McCorkle, in trust, however, for the following uses and purposes:

"The said trustees shall take possession of the trust estate hereby given them and shall have the full control, management and care thereof, shall invest and reinvest the same, shall collect the income, issues and profits thereof, out of the same pay all the expenses incident to the care of the said

trust estate, and pay over the remainder of such income to my wife, Eunice W. Watling, in quarterly payments, during the remainder of her natural life.

"At the death of my said wife, the trust estate herein created for her benefit shall be divided into two equal parts, one of which I give, devise and bequeath to my said son, John W. Watling, if then living, if not to his issue, then surviving, if any, if there be none, the same shall become a part of the trust hereinafter created for my daughter. The other half of said trust estate, provided for my wife, shall, at her death, be added to the trust hereinafter created for my daughter, if she be then living, if not, I give, devise and bequeath the same to my said son.

"C. One-third of said residue I give, devise and bequeath to the said John W. Watling and William F. McCorkle, in trust, however, for the following uses and purposes:

"The said trustees shall take possession of the trust estate hereby given them and shall have full control, management and care thereof, shall invest and reinvest the same, collect the income, issues and profits thereof, out of the same pay all the expenses incident to the care of said trust estate, and pay over the remainder of such income to my daughter, Lucile Watling, in quarterly payments, during the remainder of her natural life.

"At the death of my said daughter, the trust estate herein created for her benefit, shall be divided into two equal parts, one of which I give, devise and bequeath to my said son, John W. Watling, if then living, if not, to his issue then surviving, if any, if there be none, the same shall become a part of the trust hereinbefore created for my wife. The other half of said trust estate, provided for my daughter, shall at her death, be added to the trust estate hereinbefore created for my wife, if she be then living, if not, I give, devise and bequeath the same to my said son.

"7. I hereby will and direct that no bonds be required of my said trustees, and I also give to them, as such trustees, full power to sell and convey all trust estates committed to them, either real or personal, or any part thereof, without asking or obtaining license from any court for that purpose.

"8. Should my trustees hereinbefore named, at any time think it advisable to do so, they may terminate the trust hereinbefore created for the benefit of my wife, and pay over and assign to her the property, or any part thereof, held in trust by them for her benefit, to be hers absolutely and free from

15 F.(2d)—46

any claim upon the part of my said daughter or son, or the issue of my said daughter or son. And I also hereby empower my said trustees, should they in their discretion think it wise to do so at any time to pay over and transfer to my said daughter the property, or any part thereof, held by them, in trust, for the benefit of my said daughter, and in case they should do so she shall take the same for her own absolutely, free and clear of all claims on the part of my said son or my said wife, or the issue of my said son.

"In witness whereof, I have hereunto subscribed my name this seventh day of October, A. D. 1909.

"[Signed]   John A. Watling."

The deceased left surviving him at his death his widow, his daughter (plaintiff herein), and his son (defendant herein) mentioned in said will, and no other heirs. In 1920, said defendant son, John W. Watling, was appointed by the probate court for Wayne county, Michigan, trustee under said will, the other person named therein as cotrustee having formally declined to act as such trustee. Shortly before the time of the making of the will, said daughter, the plaintiff herein, had been committed to, and at said time was in, a government hospital for the insane, as a mentally incompetent person, which she then was. It was the intention and desire of her father, the said testator, in making said will, that plaintiff should receive the principal of the trust estate therein created for her benefit, if, and as soon as, it should be to her best interests —that is, wise for her—that such principal should be turned over to her.

About a year after her father's death, she was released from the sanitarium to which she had previously been taken, and in April, 1922, she was formally adjudged mentally competent, and continuously since that time she has been, and now is, in sound mental and physical health and strength. In 1922, the widow of the testator died. In June, 1922, the said son of the testator, the defendant John W. Watling, submitted his resignation as trustee to the Wayne county probate court, which court accepted such resignation and, about a month later, appointed in his place as trustee the defendant Union Trust Company, such appointment being made without notice to the plaintiff herein. Said Union Trust Company is now acting as such trustee.

The bill of complaint, after alleging substantially the aforementioned facts, charges that "the paramount purpose of defendant John W. Watling at all times has been to

preserve intact the corpus of the aforesaid properties in a continuing trust, so that ultimately it may come to him, or, in the event of his death, to his issue"; that "despite the express desire of the testator that the share of the plaintiff be given to her absolutely at any time an honest discretion deems it wise, defendant John W. Watling has consulted his own interest exclusively, and has endeavored by a resignation of his trust to frustrate forever the possibility of the exercise of the discretion in plaintiff's favor, although the circumstances provided for by the will not only warrant, but good faith impels an honest exercise of judgment in plaintiff's favor"; that the "testator, at the time his will was made and up to the time of his death, knowing the disability of plaintiff, but not knowing how future developments might remove such disability, drew his will, in the light of this knowledge, to provide an income for her at all events, and, in case of her recovery of her normal faculties, that she should receive the principal of her estate left for her benefit"; that "the resignation of the aforesaid trust by plaintiff's brother, with the motives and calculations connected therewith, is a breach of the trust and confidence imposed in John W. Watling by his father under the terms of his last will"; that "the successor in trust, the defendant Union Trust Company, which was appointed without notice to, or assent from, this plaintiff, disclaims power under the will to exercise the power in trust conferred upon the original trustees, William F. McCorkle and John W. Watling, and asserts it has no discretion to act under clause 8 of said will"; and that "jurisdiction and authority in the premises and to make the necessary findings under the will and to turn over the trust property to this plaintiff, are vested in a court of equity."

The bill prays that said will may be construed, that this court "make its finding as to the ability or disability of plaintiff to take charge and manage the corpus of the estate set aside for her under the aforesaid terms of trust, and determine the wisdom at this time of conveying the same or any part thereof to her absolutely, free and clear of all claims of her said brother or his issue," and that "plaintiff's said share may be turned over to her absolutely" and "said trust may be discharged," and for general relief.

The defendant Watling in his answer avers that the "intention and purpose of the testator and the reasons which moved the testator in creating each trust" were "to keep the property which testator had conserved and accumulated in the family blood";

that, although said defendant "was married and had one child at the time of the making of the will of John A. Watling, and at and before the death of the testator defendant had three children," plaintiff's condition "at and for a long time before the making of said will was such that, even though restored to reason, she ought not to have children, which testator well recognized, and at and before the death of the testator plaintiff had attained an age where it was practically certain she never would have any children"; that the power conferred upon the trustees "was contemplated to be exercised, if at all, only subservient to the effectuation of such dominant purpose"; that "the time when, if at all, and the circumstances under which, if at all, such power should be exercised, was intended to be wholly and exclusively personal to the individuals named in said will upon whom said power was conferred"; that "said donees of said power never contemplated exercising the same in favor of either cestui que trust, except the reasonable needs of such beneficiary required something more than income or some extraordinary need arose," and that "the real intention and purpose of the testator was that such power should be exercised under such circumstances only"; that said defendant Watling "claims now to be possessed of the power" so "conferred upon him"; that "the resignation by defendant of said trusteeship has had no effect upon said power, or the possibility of the exercise thereof, though the same, of course, did not pass to the successor trustee"; and that the "defendant Union Trust Company has no discretion to act under clauses or paragraph 8 of said will—in other words, that said power did not pass to said Union Trust Company as successor trustee." The answer prays for a dismissal of the bill.

The answer of the defendant Union Trust Company avers that "it disclaims power under the will to exercise the power in trust conferred upon the original trustees," and that, "when request was made by the plaintiff and her counsel upon defendant to exercise said power in trust under clause 8 of said will, it sought the opinion of its counsel, and was advised that said power in trust was of such a personal nature that it could be exercised only by the original trustees, to, wit, William F. McCorkle and John W. Watling, and that it, said Union Trust Company, as successor of said original trustees, had no such power." Said answer alleges no other facts, and neither admits nor denies any of the other facts alleged in the bill. It does not even ask for a dismissal of the bill.

While the arguments presented have

taken a somewhat broad range, yet in view of the conclusions which I have reached, and which control the present disposition of the case, any extended discussion of the various questions and contentions submitted by counsel is unnecessary at this time, and the case is, in my opinion, within comparatively narrow compass.

[1] The nature and effect of this will, and of the trust thereby created and here involved, must, of course, depend upon, and be determined by, the intention of the testator. This is elementary and fundamental.

[2] It is equally well settled that, in ascertaining such intention, the court should consider the surrounding circumstances and conditions which were known to the testator at the time of the execution of his will, and which may tend to indicate or explain his motives and purposes in the making of such will.

[3] Examining, then, the language of the will now under consideration, and having in mind the surrounding circumstances already mentioned, I think it plain that it was the intention of the testator, in making such will, that there should be thereby created an active trust, as to both capital and income thereof, to the extent therein expressly provided, for the benefit of his daughter, the plaintiff, as primary beneficiary; that there should be annexed to such trust a power, granted to the trustee as donee thereof, and coupled with a trust in favor of such beneficiary, to transfer to her absolutely all or any part of the trust estate so held for her at any time during her lifetime, when the trustee, in the exercise of an honest, well-intentioned proper discretion, should think such transfer to be for her benefit and welfare and to her best interests; that such trust and trust power should continue during the entire period of her life, unless extinguished by its earlier exercise and consequent discharge and termination as so provided; and that therefore such trust power should survive the death, resignation, or removal of the original trustees, and pass to any duly appointed trustee subsequently succeeding them during the duration of such trust.

[4] I am of the opinion that where, as here, a trust power is granted to a testamentary trustee, although in terms confided to his discretion, to transfer the trust estate to the cestui que trust at any time during the lifetime of the latter, and thus to terminate the trust, such power passes to any successor trustee of such trust, in the absence, as here, of language in the trust instrument indicating the intention of the donor to limit such

power to the trustee originally named. Smith v. Floyd, 193 N. Y. 683, 87 N. E. 1127; Sells v. Delgado, 186 Mass. 25, 70 N. E. 1036; Greenwich Trust Co. v. Cenverse, 100 Conn. 15, 122 A. 916; Pedrick v. Pedrick, 50 N. J. Eq. 479, 26 A. 267; Hicks v. Hicks, 84 N. J. Eq. 515, 95 A. 409; Osborne v. Gordon, 86 Wis. 92, 56 N W. 334. It must therefore be held that the discretionary trust power here involved passed to, and now rests in, the defendant Union Trust Company as the successor trustee of the trust under consideration.

[5, 6] It will be noted that the defendant Union Trust Company has not refused to exercise the discretionary power in question, and there is nothing in the record to indicate any bad faith on its part, or any failure or unwillingness to faithfully perform its full duty as trustee towards the plaintiff beneficiary. It must be presumed, and assumed, at least for the present, that when it has been judicially advised concerning its possession of this power, and the rules by which it should be guided in relation thereto, it will not fail in the honest and proper exercise thereof. There is therefore no occasion, at this time, to determine the circumstances under which, nor the extent to which, this court may or should give specific directions governing the actual exercise of such power, as it cannot be doubted that the discretion thus involved is committed, in the first instance, to the trustee, and no abuse of such discretion has yet been shown or suggested.

[7] A court of equity will not undertake to declare future rights of trust beneficiaries, or to decide controversies or questions involving such rights, unless such decision is necessary for the determination of some immediate relief which ought to be granted to such a beneficiary with respect to the construction or enforcement of such a trust. Walker v. First Trust & Savings Bank, 12 F.(2d) 896 (C. C. A. 8), and authorities there cited. It is sufficient for present purposes to refer to the general rule on this subject, which is correctly stated in 26 Ruling Case Law, at page 1373, as follows:

"It is now a well-settled principle that a trustee having the power to exercise discretion will not be interfered with by the court so long as he is acting bona fide. To do so would be to substitute the discretion of the court for that of the trustee. Accordingly the discretion of a trustee respecting the amount of income to be applied to the support of an infant will not be controlled by a court of equity, if the trustee has exercised a discretion within the limit of a sound and

honest execution of the trust. But the discretion of trustees may, without impropriety, be likened to that of judges. It is not an arbitrary discretion. It does not include the unrestrained power to do what the trustee pleases. To extend it that far is to make it a means of destroying the trust which it was intended to aid and maintain. The trustee, instead of doing merely what, in his present circumstances, he chooses to do, in deference to his interests or inclinations, is to do that which his honest, disinterested judgment approves, or ought to approve. He must not act under the impulse of fraud, collusion, or self-interest. And the courts will interfere wherever the exercise of the discretion by the trustees is infected with fraud or misbehavior, or they decline to undertake the duty of exercising the discretion, or generally where the discretion is mischievously and erroneously exercised. They may correct an abuse in the exercise of discretion, amounting to a violation of the trust, but falling short of fraud. But a mere apprehension that discretion will be misused will not warrant a court in controlling its exercise."

Some of the difficulties and considerations involved in such an inquiry are thus pointed out in the admirable text-book of Perry on Trusts (6th Ed.) at page 827:

"To determine what is an abuse of a discretionary power, or what is a fraudulent or improper execution of it, is frequently a matter of great difficulty. In the nature of things, only very general rules can be laid down upon a subject where so much must depend upon the facts of each individual case. Some general propositions have, however, been stated. It has been said: (1) That where a power of electing is given to trustees, as to the rights of third persons, they are bound to exercise such power most beneficially for the cestuis que trust. (2) Reference must always be had, in the execution of a power, to the end or purpose intended by the creator of the power, and this end or purpose must be gathered from a construction of the written instrument; and a power must always be executed bona fide for the end and purpose designed. (3) A power cannot be executed in favor of the donee of the power, or of his family, unless the instrument specially authorized him so to do. (4) The donee of a power cannot execute it for any pecuniary gain, directly or indirectly, to himself. Nor (5) can he exercise it for any other purposes personal to himself. A distinction is made between the motives which lead to the execution of a power, and the purpose or end for which it is executed. Thus a power may be properly executed according to the true purpose and intent of the creator of the power, but the motives which led the donee to such execution may have been corrupt. On the other hand, a power may have been improperly executed by the donee of the power, induced thereto by motives commendable in themselves, as by filial obedience or affection. A trust is always to be discharged in the most faithful and conscientious manner, and equity takes care to guard and protect a trustee in the discharge of his duties, while by its strict rule it shields him from temptation, so far as possible, by rendering it difficult for him to gain any advantage to himself by his dealings with the trust fund. More especially is this the rule in the exercise, by a trustee, of so many and so great discretionary powers over the rights and interests of persons who are in no position to protect themselves. In the exercise of such powers, the trustee should act with purity of purpose, and with a single view to carry out the exact purpose of the power, and the intention of the settler."

[8] It need hardly be added that the question whether there was irregularity in the appointment of the Union Trust Company as trustee, without notice to the plaintiff herein, is a question for the consideration of the court which made such appointment, and not for this court, in this collateral proceeding. 39 Cyc. 288.

[9] It must also be clear, from the conclusions already expressed, that the discretionary power here involved no longer remains in either of the original trustees named in the will, and that they have no further interest, as trustees under such will, or as donees of such power, in any question concerning the time, manner, or other consideration relating to the exercise of such power.

A decree may be entered in accordance with the terms of this opinion.