SOUTH END BANK & TRUST COMPANY, TRUSTEE *v.* JOSEPH B. HURWITZ, ADMINISTRATOR (ESTATE OF ISAAC BERMAN).

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued June 4—decided July 15, 1941.

*George H. Cohen,* with whom, on the brief, were *Joseph W. Ress* and *Naaman Cohen,* for the appellant (plaintiff).

*Joseph B. Hurwitz,* with whom, on the brief, was *Leon Podorowsky,* for the appellee (defendant).

MALTBIE, C. J. This appeal is taken from a judgment entered upon the sustaining of a demurrer to the amended complaint in the action. Aside from the amendment, which will be later considered, the complaint contained the following allegations: Isaac Berman owned certain real estate in Hartford. On October 10, 1939, he made a deed, duly recorded, which purported to transfer the property to himself as trustee, a copy of which was attached to the complaint. Berman died and the original administrator upon his

estate entered into possession of the property and collected the rents and profits until he resigned, and since then his successor, the defendant, also has retained possession of it and collected the rents and profits. The plaintiff was appointed successor to Berman as trustee of the property and has demanded that the real estate be delivered to it. The plaintiff claimed judgment for possession of the premises, an accounting of the rents and profits and damages. The deed was in terms a conveyance by Berman to himself, his successors and assigns, as trustee, "To have and to hold the said premises, with all the appurtenances unto myself, Isaac Berman, as Trustee, my heirs and successors forever," and it contained the following provisions:

"I, said Trustee, Isaac Berman, hereby agree to hold and manage said premises, collect the rents and income therefrom, pay all taxes, water bills, and assessments during my natural life.

"Said Trustee agrees to hold said premises for Robert Berman, his grandson, for the purposes which shall hereinafter be set out.

"Said Trustee shall manage and control said premises for his own use and benefit and during his natural life. Said Trustee shall have the right to mortgage, sell, transfer, assign, deed or do any and all things which he deems necessary for the proper handling and disposition of said premises.

"In the event I do not sell, transfer, or dispose of this property, I hereby agree to transfer and deed said premises to my Grandson, Robert Berman, the Beneficiary heretofore described, if and when he shall reach the age of thirty-six (36) years, and if I shall determine at said time, that he is qualified to handle and manage said property for himself, and if he is personally deservant of the transfer of said premises to him."

We approach the issue from the standpoint that the deed amounted in effect to a declaration of trust. The decision of the question whether or not the successor trustee can exercise the powers which the deed originally reserved to Berman as trustee is conclusive upon the right of the plaintiff to recover and we do not need to consider other issues presented upon the appeal.

There is a strong tendency in the cases to hold that power to exercise a discretion given to a trustee will pass to a successor trustee, where otherwise the dominant purpose of the creator to confer a benefit might be completely defeated. The question is ordinarily one of intention as disclosed in an instrument creating a trust. If the instrument contains no provisions indicating that its creator reposed a special confidence in the trustee he names and the exercise of the discretion depends upon a determination of facts which a successor can properly make and a court of equity can review to see if he acted within the scope and in the proper exercise of the authority given, the power will usually be held one which passes to the successor. *Greenwich Trust Co.* v. *Converse,* 100 Conn. 15, 21, 122 Atl. 916, and cases cited; *Security Co.* v. *Cone,* 64 Conn. 579, 31 Atl. 7; *Hartford National Bank & Trust Co.* v. *Oak Bluffs Baptist Church,* 116 Conn. 347, 352, 164 Atl. 910; *FitzGerald* v. *East Lawn Cemetery, Inc.,* 126 Conn. 286, 289, 10 Atl. (2d) 683; 3 Bogert, Trusts & Trustees, § 553; 2 Scott, Trusts, § 196; note, 126 A. L. R. 931. We may assume that in this case Berman intended that if he died, a successor in the trust should determine whether the grandson was entitled to receive the property when he became thirty-six years old. The instrument before us established two conditions of a conveyance to him. We do not need to determine whether, if the only condition had been that expressed in the provision "if I shall determine at

said time, that he is qualified to handle and manage said property for himself," we would hold that the plaintiff was vested with the power of determining whether he was entitled to receive it.

The conveyance to the grandson was subject to a further condition which was expressed in the instrument in this way: "if he is personally deservant of the transfer of the said premises to him." What considerations were to enter into the determination whether the grandson will be "personally deservant" are in no way indicated and could be known only to the creator of the trust. The matter is not left to the unguided discretion of the trustee; a standard is set; but it is one which furnishes no guidance to a successor trustee in exercising the power, nor to a court of equity in reviewing his decision to see if he acted properly. The difficulty here is not in determining whether the creator of the trust intended that the exercise of the discretion should vest in a successor trustee, but in the fact that he made the right of the grandson dependent upon a determination into which considerations known only to himself would enter. Neither the successor trustee nor the court could know whether a decision by him that the grandson was or was not so "personally deservant" as to be entitled to the property would carry out the intention of the creator of the trust. Under such circumstances the power is left too indefinite and uncertain to pass to the successor trustee. *Benedict* v. *Dunning,* 97 N. Y. S. 259, 262, 110 App. Div. 303; and see *Dillard* v. *Dillard,* 97 Va. 434, 441, 34 S. E. 60. While courts go far in sustaining the right of a successor trustee to exercise a discretion given in the trust instrument, no case is cited to us and we have found none so holding where the execution of the trust was made dependent upon a determination such as that involved in this case. Aside

from holding and managing the property no function other than that involved in the decision whether the grandson was entitled to the property would devolve upon the successor trustee, and the trust therefore failed on Berman's death. *Security Co.* v. *Snow,* 70 Conn. 288, 294, 39 Atl. 153; 1 Scott, op. cit. § 33.1, and see *Whitaker* v. *McDowell,* 82 Conn. 195, 199, 72 Atl. 938.

The amendment to the complaint alleged that Berman, when he executed the deed, made certain oral statements as to his love for his grandson, his desire that he have the property, the reason for postponing the gift to him and his intent that there should be a successor trustee to be designated by him. Other considerations aside, these statements entirely fail to remedy the defect in the written declaration of the trust which we have pointed out and would be ineffective to give any right to the plaintiff to determine whether or not the grandson would be qualified to receive the property. The plaintiff is not entitled to the property and the demurrer to the amended complaint was properly sustained.

There is no error.

In this opinion the other judges concurred.