[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant in this action is a well known law firm located in Waterbury. The plaintiff's decedent, William W. Gager, was a partner in the firm who retired from the firm in 1967 pursuant to the provisions of a written agreement. The agreement permitted the firm to continue to use the name "Gager" as part of the firm CT Page 12051 name until either Gager or his executor requested the firm to discontinue the use of the name. The plaintiff, Gager's son, brings this contract action seeking specific performance of his request to discontinue the use of the Gager name, together with money damages and attorneys' fees. The firm has moved to strike the one count complaint, contending that plaintiff is insufficient because it fails to allege a condition precedent to the firm's performance under the contract, namely, a request by William W. Gager, Sr. or the executor of his estate, a bank which was the predecessor to the Bank of Boston, Connecticut, to refrain from using Gager's name.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263
(1965); and the allegations are to be given the same favorable construction as a trier of fact would be required to give in admitting evidence under them. Benson v. Housing Authority,145 Conn. 196, 199 (1958). The court is, however, limited to the facts alleged in the complaint. Waters v. Autori, 236 Conn. 820,825 (1996).
In addition to the facts set forth above, the complaint alleges that William W. Gager Sr. died on June 27, 1967 and the predecessor to the Bank of Boston, Connecticut was appointed executor of his estate. It further alleges that in April, 1996 the plaintiff asked Bank of Boston, Connecticut to begin the process to remove the Gager name from the firm and that the Bank would not do so. The plaintiff alleges that he then filed a petition with the probate court to reopen his father's estate and remove the bank as executor. The bank thereafter resigned in accordance with the direction of the probate court and the plaintiff was appointed as administrator "c.t.a." (with the will annexed) of his father's estate. The complaint concludes with the allegation that the firm has failed to remove the Gager name despite requests from the plaintiff to do so.
The defendant contends in its motion to strike and memoranda of law that the plaintiff as administrator c.t.a., but not executor, lacks the legal authority to request the firm to cease using the Gager name. The defendant relies on Pratt v. Stewart,49 Conn. 339 (1881). Our Supreme Court held in Pratt that although an administrator c.t.a. has the ordinary powers which the executor would have had, he or she does not acquire powers or CT Page 12052 duties which are not essential to the settlement of the estate and which are based on the personal confidence of the testator in the executor named in the will. Id., 341. Said the court:
 [W]hen the will expressly constitutes the executor a trustee for some special purpose, or vests in him a discretionary power in reference to some matter outside of the ordinary powers and duties of an executor or administrator, or charges him with some duty indicating a special confidence reposed in him in such cases the duty imposed or power conferred will not as a general rule be transmitted to the administrator.
Id. In order to determine the nature of the power in question, the Supreme Court examined the provisions of the will to determine the testator's intention. Id.
In the present case, however, the court is unable to determine the nature of the executor's power to revoke the use of the Gager name because the will is not before the court. On a motion to strike, the court is limited to the facts alleged in the complaint. Waters v. Autori, supra, 236 Conn. 825. The complaint here does not address in any way the will or the authority granted the executor under the terms of the will to terminate the firm's use of the Gager name. The court, therefore, cannot decide the question raised in the motion to strike solely on the facts alleged in the complaint. The motion to strike is accordingly denied.
VERTEFEUILLE, J.